FILED

2016 DEC -9 AM 11:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Dr. Sunil Bhasin
2160 N. Arrowhead Ave., # 21046
San Bernardino, CA 92405
Phone: (909) 233-8934, No Fax Number
Email Address: sbhasinmd@aol.com

Plaintiff, In Pro Per

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

Dr. SUNIL BHASIN, an Individual;

Plaintiff;

Vs.

C&H CLUBS Inc.; The Gourmet Cheese of the Month Club; Kris Calef, as individual and President and founder of C & H Clubs Inc.; MERCHANT; DOES 1-5 Search Engines; and DOES 6 - 10, Inclusive.

Defendant(s).

Case No.: CV16-09130 RGK (JCx)

**CIVIL COMPLAINT FOR :**

1. **Trademark Infringement under Lanham Act § 32(1) (15 U.S.C. § 1114, et. Seq.) and § 3232;**
2. **Trademark Dilution under Violation of the Lanham Act § 43(c) (15 U.S.C. § 1125, et. Seq.);**
3. **False Designation of Origin Under the Lanham Act 43(c) 15 U.S.C. § 1125, et. Seq.;**
4. **"Passing Off" under the Lanham § Act 43(a) (15 U.S.C. § 1125(a), et. Seq.);**
5. **Unfair Competition- Under Lanham Act § 4334 and Violation of Cal. Bus. & Prof. § § 17200, 17500 et. Seq.;**
6. **Cybersquatting under 15 U.S.C. § 1125(d), et. Seq.;**
7. **Unjust Enrichment;**
8. **Demand for Accounting;**
9. **Constructive Trust;**
10. **Unlawful, Unfair and Fraudulent Bus. Practices — Cal. Bus. & Prof. Code § 17200 et. Seq.;**
11. **Deceptive, False and Misleading Advertising — Cal. Bus. & Prof. Code §§ 17500 et. Seq.;**

**12. Injury To Business Reputation and Intentional Interference With Contractual Relations;**
**13. Declaratory Relief;**
**14. Permanent Injunction.**

**[Demand for Jury Trial]**

Plaintiff Dr. Sunil Bhasin ("Plaintiff" and/or "Bhasin"), an individual hereby complains and herein alleges against the Defendants', including C&H CLUBS Inc., The Gourmet Cheese of the Month Club, Kris Calef, as individual and President and founder of C & H Clubs Inc., MERCHANT, DOES 1-5 Search Engines, and DOES 6 through 10, Inclusive, (collectively "Defendants") that is now making good faith attempts to protect his Trademark ("Mark") from other unauthorized users, and in violation of Federal Laws as follows :

1. This Complaint is brought to redress the willful violation of Plaintiff Dr. Sunil Bhasin's, (referred to alternatively as "Plaintiff" and "Bhasin" hereinafter) Trademark rights in the phrase "CHEESE OF THE MONTH CLUB" by direct competitors, including C&H CLUBS Inc., The Gourmet Cheese of the Month Club, and Kris Calef, as individual and President and founder of C & H Clubs Inc., MERCHANT, DOES 1-5 Search Engines, and DOES 6 through 10, (referred to alternatively as "Defendants' ", despite multiple notices to "cease and desist" such infringement Trademark ("TM") activities. These Defendants' are believed to be doing business in the California and/or in other States by marketing on the Internet, the World Wide Web ("www"), as "online" internet business throughout the United States of America, with full knowledge of Plaintiff's rights in the Trademark, "CHEESE OF THE MONTH CLUB" (herein after referred to as the "Cheese of the Month Club Mark" and/or "TM" and/or "Mark"), in which the use of the term

"Cheese of the Month Club" in its registered domain name and/or the "TM" is being infringed upon. It is undisputed that the Plaintiff has exclusive rights to the "Cheese of the Month Club" Mark and/or "TM" and/or any party in which Plaintiff has given written authorization with other third parties (authorized user), who also have "online stores" (hereinafter known as the "Non-Infringing Site"), in which consumers and/or customers search to link Internet products in search of various food products, including various international and domestic cheese, cheese products, and/or gourmet food products and services. The Defendants', including MERCHANT, DOES 1-5 Search Engines, and DOES 6 through 20, are believed to have assisted and/or financially benefited from these Defendants', including C&H Clubs Inc., The Gourmet Cheese of the Month Club, and Kris Calef, as individual and president and founder of C & H Clubs Inc. in these various online (internet) Infringement activities during their business relationships.

2. The Plaintiff believes and herein alleges, that on various infringing online internet sites, the search term "Cheese of the Month Club" ("Mark") directs consumers to Defendants' own products and services, with various misrepresentation in order to confuse the various consumers, and therefore redirect and/or steal these potential customers (consumers) away from Plaintiff and/or his various contracted non-infringing internet sites. The Plaintiff believes and herein alleges that these Defendants' various actions (unauthorized infringement, etc.) are intended and calculated to exploit the goodwill that Plaintiff has built over the years, his business, and that of his authorized businesses or individuals (authorized users). Since Plaintiff is the legal owner of the Plaintiff's Trademark (intellectual property), the "Cheese of the Month Club", also referred to as "Mark", these Defendants', including DOES 1-5 Search Engines, and DOES 6-20, the various

infringement and unauthorized actions, with the extensive use, promotion, and the unjust enrichment (among other thing) has cause various ongoing damages, with continuous dilution of the Mark, and unfair competition of the Mark, all in violation of the Trademark Infringement under Lanham Act § 32(1) (15 U.S.C. § 1114, et. seq.) and § 3232, 28 U.S.C. § 1331 over the federal claims in this action arising under 15 U.S.C. § 1114 and 1125, and Trademark Dilution under Violation of the Lanham Act § 43(c) (15 U.S.C. § 1125, et. seq.), 28 U.S.C. §1367(a), and the other cause of actions as stated and identified herein.

## THE PARTIES

3. Plaintiff, Dr. Sunil Bhasin (hereinafter referred to as "Plaintiff" and or "Bhasin") is an individual, resident and domicile of State of California, who is making efforts to be known purveyor of quality cheese and various other products, and is the legal owner of the Trademark "Cheese of the Month Club" (herein after referred to as "Mark"), since on or about December 01, 2012, with the Registration Number 3852089 and Serial Number 77642499. Plaintiff has made good faith attempts to protect his Mark from other unauthorized users, and when failed to persuade these users have no other remedy but to file this action.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant C&H CLUBS USA, Inc. (hereinafter referred to as "Defendant" and/or "C&H Clubs"), is an active California Corporation, with Entity Number C1962124, and whose agent of service of process is Kristin S. Calef, within the State of California. This Defendant is believed to be a resident, domicile in the State of California, and believed to be doing business throughout the United States of America ("USA"), via the online internet, and is

believed to be infringing on Plaintiff's Mark, and believed to be conduction and/or assisting with these and other willful fraudulent activities in California and within this District.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant The Gourmet Cheese of the Month Club (hereinafter referred to as "Defendant" and/or "The Gourmet") is an individual, doing his principal place of business is believed to be in the State of California, and is a resident and is domicile in the State of California. This Defendant is believed to be doing business throughout the United States of America ("USA"), via the online internet, and is believed to be infringing on Plaintiff's Mark, and believed to be conduction and/or assisting with these and other willful fraudulent activities in California and within this District.

6. Upon information and belief, Defendant The Gourmet has started and running the websites and or online stores : <www.cheesemonthclub.com> (the "Infringing Sites"), and utilizes the phrase , "Cheese of the Month Club" and or combination thereof on the Infringing Sites, selling food related products and offering food-order and through internet services.

7. Upon information and belief, Defendant Kris Calef, as individual and president and founder of C & H Clubs Inc., and various other businesses (herein after referred to as "Calef"), is an individual, who is believed believe to be resident and is domicile in the State of California. This Defendant is believed to be doing business throughout the United States of America ("USA"), via the online internet and is believed to be infringing on Plaintiff's Mark, and believed to be conduction and/or assisting with these and other willful fraudulent activities in California and within this District.

8. Upon information and belief, Defendant Merchant (herein after referred to as "Merchant"), are unknown merchant business or accounts with the various Defendants' who have business relationships with the other Defendants', who are believed to be benefiting from the various actions by the Defendants' as identified herein.

9. Upon information and belief, the Defendant Merchant, accounts are a type of Bank Account that allows businesses to accept payments by payment cards, typically debit or credit cards. A merchant account is established under an agreement between an acceptor and a merchant acquiring bank for the settlement of payment card transactions. In this instant the acceptor are the Defendants', in which this type of business is conducted. In some cases a payment processor, independent sales organization (ISO), or member service provider (MSP) is also a party to the merchant agreement. Whether a merchant enters into a merchant agreement directly with an acquiring bank or through an aggregator such as PayPal, the agreement contractually binds the merchant to obey the operating regulations established by the card associations. The Defendant's domicile at present is unknown.

10. Upon information and belief, the Defendant Merchant is paid based on some of Defendant's sales and services through the various Infringement Sites, and is believed to be benefiting with the various Plaintiff's Mark infringement activities.

11. The Plaintiff at present is unaware of the names and true capacities of these various Defendant Merchant and/or their various accounts, whether individual, corporate and/or partnership and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

12. Upon information and belief, the Defendant DOES 1-5 Search Engines (herein after referred to as "Search Engine(s)"), are unknown search engines businesses who have business relationships with the other Defendants', who are believed to be benefiting from the various actions by the Defendants' as identified herein. The Defendant DOES 1-5 Search Engines are in the internet business, throughout the United States of America, who's primary business is benefiting with the various marketing and/or advertisement in relations to various Mark and/or various Marks, owned by others, including that of the Plaintiff's Mark. The Defendant's domicile at present is unknown.

13. Upon information and belief, the Defendants' and DOES 1-20, does business and conducts fraudulent activities in California and in this District, directly and/or by way of assistance to and/or in concert with the willful and in bad faith those lawless actions that have infringed upon Plaintiff's Mark as identified herein, and have caused damages as set forth herein.

14. Upon information and belief, at all times relevant hereto, Defendants' and DOES 1-20, and each of them were and have acted maliciously, deliberately, willfully, or in bad faith, and in concert, were and are agents of each other, induced and continue to induce each other's actions, and conspired and continue to infringe and/or with respect to violations that involve the intentional use of a known counterfeit mark or that of various actions of infringement of Plaintiff's Mark, as identified herein. These various acts of infringement was believed to be willful or in bad faith, despite the various actual notices, including that with cease-and-desist letter(s) provided.

15. The Plaintiff is also unaware of the names and true capacities of other Defendant(s), whether individual, corporate and/or partnership, entities named herein as DOES 1

through 20, inclusive, and therefore sue them by their fictitious names. The Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

16. Plaintiff is informed and believe, and based thereon allege, that said Defendant(s) and DOES 1 through 10 inclusive, are in some manner responsible for the wrong alleged herein, and that all times referenced each was the agent and servants of the other Defendants', whom obtained financial benefits from those Defendants' acts and omissions, and each was acting within the course and scope of said agency and employment.

17. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendants' and Does 1 through 10, inclusive did aid, abet, participate in, contribute to, and/or benefit from the acts and the behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

18. Plaintiff further allege that Defendants' and DOES 1 through 10, inclusive had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants' and DOES 1 through 20, inclusive, failed and/or refused to perform, especially when such notice of infringement was given to them to cease and desist such activities.

///

## JURISDICTION AND VENUE

19. This Court has jurisdiction of this civil action pertaining to the intellectual property, Mark, rights arising under the Trademark Laws of United States. This court has Federal Jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et. seq., § 1121, and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a), as well as pendant jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

20. Plaintiff asserts a claim of unfair competition and this Court has jurisdiction in so far as this action is between a citizen of different States and the matter is controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs.

21. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 over the federal claims in this action arising under 15 U.S.C. § § 1114 and 1125.

22. This Court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims brought herein that they form part of the same case or controversy.

23. Venue is proper in this district pursuant to 28 U.S.C. § § 1391 (b)-(c) because, as described below, a substantial part of the infringement, unfair business practices, and other prohibited conduct giving rise to the claims in this action occurred in this District.

24. Venue is proper in this District under 28 U.S.C. § 1391 (b), insofar as at least one Defendant resides, within the meaning of 28 U.S.C. § 1391 (b), and (c), in this District or, alternatively, under 28 U.S.C. § 1391 (b), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or under 28 U.S.C. § 1391 (b) and §1400(a), insofar as at least one Defendant may be found here.

## INTRADISTRICT ASSIGNMENT

25. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## INTRODUCTION AND FACTUAL BACKGROUND

### THE INTERNET AND THE WORLD WIDE WEB (" WWW ")

26. The substantial profits to be reaped from piracy and infringements, including counterfeits have led to the creation, development, and proliferation of business models and creative Defendant(s), the object of which is to capitalize on famous and other Trademark and/or "Intellectual property" owned by others, including those owned by Plaintiff in this case. Thus the opportunities created by the Internet have led to a dramatic increase in these opportunities to profit from such uncontrolled activities. These same opportunities rely upon the active participation and contribution of third parties which make such illegal activities possible.

27. The Internet is a global network of millions, and now perhaps billions, of interconnected computers throughout the world. This World Wide Web ("www") is a portion of the Internet especially well-suited to displaying images, text, sound, and also video. Much of the information on the "WWW" is stored in the form of web pages, which can be accessed through a computer connected to the Internet and also (available through commercial Internet Service Providers or "ISPs"), and viewed using a computer program called a "browser", such as Microsoft Internet Explorer, Google's Chrome, Yahoo !, and/or Amazon (only to mention a few). "Websites" are location on the "WWW" containing a collection of web pages. A web page is identified by its own unique Uniform which ordinarily incorporates the website's "domain name". Because URLs and

Mark are not case-sensitive, URL's and Mark that contain capital letters are functionally the same as those that do not.

28. The Web users who searching for a specific company product, service or information, but who do not know the exact domain name or website address at which it may be found, may use an internet "search engine" to locate it. Many web users prefer to navigate the Internet by typing phrases and even URLs into search engines rather than type a URL into an Internet browser's address bar. A search engine, such as Google's and/or Yahoo !, (to mention a few), purportedly checks the terms entered into it against its database and applies a formula or algorithm to produce a search result page that lists the websites that may relate to the customer's search terms and their corresponding links.

29. Most web users who perform searches with these search engines (i.e. Google and/or Yahoo !), Internet search engine believe that the result given by that search engine are determined by a "natural" or "organic" system that lists results in order of objective relevance to the search terms input into the search engine, with the most relevant websites appearing near the top of the web page. According to Google, the order in which "organic search results" are listed is automatically determined by a number of factors, including "Googles' and other search engine companies (Yahoo ! and/or Bing for Microsoft) patented PageRank algorithm.

30. By using Google's Internet search engine, web users are identifying the subject in which they are interested, the companies that they seek, or the products or services they wish to buy. This allows Google to sell "contextual" or "search" advertising, which allows companies to place their advertising in front of consumers who have already identified themselves as interested in particular products or services.

31. When a web user carries out an Internet search using "Google's" search engine, Google not only provides the web user with the above-describes "organic search results," but also displays a list of similarly formatted advertisements – which Google refers to as "Sponsored Links" – above and alongside the purportedly objective "organic search results."

32. On information and belied, the relevance of these "Sponsored Links" is determined not by an objective measure, but rather in substantially influenced by the amount of money Google stands to obtain from the "sponsors" of these links.

33. The Search Engines, including Google offers a program called "Ad Words" that display advertisements to users of Google's search engine in the form of "Sponsored Links". Under its Ad Words Program, Google offers advertisers the ability to select certain "keywords" that will trigger a "Sponsored Link" to the advertiser's chosen website, which "sponsored Link" Google will display above or alongside the purportedly various "search results".

34. Advertisers pay Google each time a web user clicks on keyword-targeted "Sponsored Links" that appear on Google's "results" page, in order to capture various consumers and/or customers.

35. These targeted "Sponsored Links" result are not meaningfully or conspicuously identified to consumers as paid third-party advertisements. The "Sponsored Link" advertisements appear in color, typeface, and font size that are not appreciable of these keyword- triggered "results" as "Sponsored Links" in confusing to many consumers, because consumers are not informed who has done the "sponsoring".

36. In particular, the promotion of infringing product and the offer of product for sale occurs through communication published on the Internet. These promotions, advertisements, various creative methods of marketing, and offers are often published on websites which can be accessed by entering Interlink addresses or through hypertext links which direct Internet users to websites containing such offers and enticements. In addition, communications designed to complete sales of such infringing merchandise and/ or products are transmitted over servers which host these same websites. These various companies are eager to gain extra revenue sponsor such activities (i.e. Google, Yahoo! and/or Amazon), without proper investigation and due diligence, including that of companies that control search engines in order find the location of these products. While there are many types of intellectual property, each protects something very specific and are protected by State and Federal Laws, including Trademark (Mark), by the United States Patent and Trademark Office ("USPTO"). The USPTO application process for Mark protection, is therefore very important and has legal protection which identifies : (1) the mark you want to register; (2) the goods and/or services in connection with which you wish to register the mark; and (3) whether you will be filing the application based on actual existing use of the mark or a bona fide intention to use the mark in the future.

37. A Trademark ("Mark") is a name, symbol, or other device identifying a product, officially registered and legally restricted to the use of the owner or manufacturer. Thus, a Trademark is a word, phrase, symbol, and/or design that identifies and distinguishes the source of the goods of one party from those of others. A Trademark and/or patent is a limited duration property right relating to an invention, granted by the United States

Patent and Trademark Office ("USPTO") in exchange for public disclosure of the invention and/or "intellectual property".

38. In order to protect ones rights, a civil action must be filed, since the responsible for enforcing ones rights following an a registration issued by the USPTO is for the owner of the mark, since the USPTO does not "police" the use of the Mark. While the USPTO attempts to ensure that no other party receives a federal registration for an identical or similar mark for or as applied to related goods/services, the owner of a registration is responsible for bringing any legal action to stop a party from using an infringing mark.

39. Prior to a civil action, a "cease and desist" notice was and/or will be sent to the party who is infringing on the Trademark and/or "intellectual property", and allow the various infringing party to stop the infringement of the "intellectual property" and/or Trademark ("Mark") that violates the Trademark infringement under the Lanham Act, and does not cause dilution of the Mark, and/or unfair competition as a result of the activity.

40. When any various parties are given and/or provided a "cease and desist" notice to stop and/or assist in the intentionally and knowingly infringement of any Trademark infringements by any party, it is that party and/or any party that is assisting in the infringement to stop any and all activities immediately, otherwise face a federal penalty and/or civil liability of their actions, intentionally or otherwise. These various parties therefore have been requested to perform the necessary steps to remove the infringing actions and/or materials that is causing such violations, under Federal Laws.

41. Any party who uses the Mark and/or assists another, of that Mark that is owned by the Plaintiff, is in violation of common law, Trademark rights, common law service mark rights, and trade name rights, and in addition in violation of the Trademark Infringement,

Unfair Competition, and False Deception arising under §§ 32 and 43 of the Trademark Infringement Lanham Act, specifically 15 U.S.C. § 1114(1), § 32(1) (15 U.S.C. § 1114, et. Seq.) and § 3232, Trademark Dilution under Violation of the Lanham Act § 43(c) (15 U.S.C. § 1125, et. Seq.), and 15 U.S.C. § 1114(1), 1125(a) (Unfair Competition and False Description).

**PLAINTIFF AND THE PLAINTIFF'S MARK**

42. Plaintiff has runs, sells, and owns, *inter alia*, exotic and organic food products and services to customers and/or consumers locally and on the internet (world wide web, "www") separately and that with other entities, and is the legal lawful owner of the Trademark "Cheese of the Month Club" ("Mark"), with Serial Number 77642499 and with Registration Number 3852089.

43. Plaintiff has only allowed those companies who have been authorized and/or paid on a contractual bases (authorized users), to the limited use of Plaintiff's Mark ("Cheese of the Month Club"), which is protected by the USPTO in the United States of America, herein referred herein to as the "authorized user".

44. Without any prior written agreement, contractual relationships, and/or written permission by the Plaintiff, any party who uses the Mark that is owned by the Plaintiff is in violation of common law, Trademark rights, common law service mark rights, and trade name rights, and in addition in violation of the Trademark Infringement, Unfair Competition, and False Deception arising under §§ 32 and 43 of the Trademark Infringement Lanham Act, specifically 15 U.S.C. § 1114(1), § 32(1) (15 U.S.C. § 1114, et. Seq.) and § 3232, Trademark Dilution under Violation of the Lanham Act § 43(c) (15 U.S.C. § 1125, et. Seq.), and 15 U.S.C. § 1114(1), 1125(a) (Unfair Competition and False Description).

45. This suit is therefore for the willful violation of various Trademark Infringement Activities, including but not limited to the unfair competition, dilution of the Mark, injury to reputation and/or good will, and the intentional interference with contractual business relations (with those parties who have authorized written use of the Mark), by these Defendants', including the other various DOES 1-5 SEARCH ENGINES, AND DOES 6-20.

46. Plaintiff has utilized various websites and contracted with other third-party business entities (with contractual business relations, and authorized users), in which Plaintiff has had an ongoing contractual relationship in operating and using the Trademark for "Cheese of the Month Club" ("Mark"), for some time, which has become highly recognized for its quality products, and thus garnered substantial goodwill and name-recognition during this period.

47. Other third-party businesses (authorized users), have also been using the Mark in order to increase their sales and acquire customer in relations of the Mark.

48. Plaintiff came to its position of leadership by hard work, substantial investment in research and through acquisition of goodwill and obtaining various contractual relationships in regards to his Mark. As a result of these endeavors, Plaintiff has created and owns valuable intellectual property in the form of Trademark, trade secrets, and/or other good will.

49. To preserve and enhance its Trademark rights, Plaintiff obtained ownership of his Mark. Plaintiff and his various contractual relationships, in which third party businesses acting under Plaintiff's authority (authorized users), have complied with their obligation under

the Trademark Laws, in its own right or as successor-in-interest, therefore has had the authorization to enforce all rights, title, and interest in these Trademark, as stated herein.

50. Plaintiff applied to the United States Patent and Trademark Office (the "USPTO" and/or "PTO"), on or about December 01, 2012, for the assignment of the Trademark "Cheese of the Month Club" with Serial Number 77642499 and Registration Number 3852089 following the purchase of the Trademark "Cheese of the Month Club", and spent a great deal of time, money, and resources. The USPTO approved the application and transferred ownership of the Trademark "Cheese of the Month Club" to Plaintiff. A true and accurate copy of the Trademark Assignment for "Cheese of the Month Club" is attached as **Exhibit "A"**, in which the Plaintiff is and has been the current owner.

51. Since on or about January 2013, the Plaintiff have been the legal lawful owner and beneficial owner of the Trademark "Cheese of the Month Club" ("Mark"), with Serial Number 77642499 and Registration Number 3852089. Plaintiff is also the legal ownership and beneficial owner of any and all goodwill and name-recognition in regards to this Mark.

52. The Mark, "Cheese of the Month Club", is used to identify the concept of a membership which would provide subscribers with a "monthly" shipment of selected high quality cheese products (both domestic and international). Plaintiff and the various third-party businesses whom have authorized permission to utilize the Mark (authorized users), has make extra attempts to maintain strict quality control standards for all of these products that are sold. Thus, "Cheese of the Month Club", Mark is believed to have gained a secondary meaning and has come- through its continuous use- to be associated with quality monthly shipment of products and produce.

53. Plaintiff and/or his authorized users have been in the business of selling, working with various manufacturing companies, marketing, and/or distributing a wide variety of premium products, including cheese and other gourmet foods, both organic and many exotic in nature.

54. Plaintiff and/or his authorized users over the years, has provided products and services to affiliated companies that service both nationwide and overseas markets including food-services, mail-order, telephone sales, retail stores, casinos, on-line retail throughout the United States, food stores, and licensed restaurant sales to specialty and food stores, and for many years, interactive sales through its website and contracted websites, with products including cheese (organic, kosher, domestic, and international). The brand and recognized name has been promoted and advertised for many years, and is highly recognized for its service and quality. It has garnered substantial goodwill and name-recognition during this period of time.

55. Plaintiff and/or his authorized users have spent thousands of hours, both with time, labor, and financial commitment in establishing "Links" and with various other business relationship, with various online links, including Mark, and third-party businesses, in regards with this Mark, which are only authorized for their exclusive use.

56. Over the years, the Plaintiff has developed many various third-party contractual relationships (authorized users), in regards to his business and the relationship of the Mark, with those businesses and with the exclusive use of this Mark.

57. Plaintiff and various third-party contractual relationships (authorized users), have continued to adopted and used the Mark, "CHEESE OF THE MONTH CLUB" (the "Cheese of the Month Mark" and/or "Mark") to identify the new concept of a

membership which would provide subscribers with a shipment of selected high quality products each month, to the various "Club Member" and/or consumers.

58. Plaintiff and his third-party contractual relationships (authorized users), have adopted and used the Mark, "CHEESE OF THE MONTH CLUB" (the "Cheese of the Month Club Mark" and/or "Mark") to identify the new concept of a membership which would provide subscribers with a shipment of selected high quality products of cheese each month, including Organic, Domestic, European, British, and International, known to be "Club" members and/or customers. Thus the Cheese of the Month Mark has gained a secondary meaning and has come-through its continuous use by Plaintiff and/or his authorized users, to be associated with Plaintiff and its products.

59. Plaintiff had contractual relations with other multiple third-party businesses (authorized users), and including various parties who rely on the ongoing complex relationships of this and other business models, that exceed over many relationships, due to his various contractual dealing with Plaintiff in regards to this Mark.

60. A binding contract existed between the Plaintiff, and those various third-party relationships (authorized users) in which he has conducted business, with the exclusive use of this Mark.

61. Plaintiff has given exclusive and contractual use over a specified time in regards to the use of his Mark with various third-party contractual business (authorized users) relations.

62. Following a period of continuous and consistent use of the "Mark" in commerce, Plaintiff obtained and registered the Cheese of the Month Club in the principal register of the United States Patent and Trademark Office, under the United States Trademark Registration Numbers 3852089, to prevent competitors such as the Defendants', and each

of them, including DOES 1-5 Search Engines, and DOES 6-20, and each of them, from using the "Cheese of the Month Club" Mark, and unduly benefiting from the renown Mark owned by Plaintiff. Plaintiff has used the Mark continuously takes great care to ensure it is neither infringed nor diluted by unauthorized uses.

63. Plaintiff also contracts to various businesses (authorized users) as to the exclusive use of the Mark, in commerce and over the internet, and only those companies who are authorized to use the Mark, should use the Mark without the violation of Plaintiff's property rights.

64. Plaintiff's Mark is unique and distinctive, and Plaintiff has invested substantial amounts of time, money, and now is vesting substantial amounts in the various relationships and is believed to have obtained worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Infringed Mark. Thus the Plaintiff and/or his authorized users, have and are planning to advertise also through a variety of media, including radio, television, newspaper, magazines, direct mail, and in telephone directories across the country in order to obtain the increased recognition, and obtain customer equitation.

65. Plaintiff as stated herein, promotes these products and services on the Internet, via websites, as the Plaintiff has built various relationships with, and through advertising on the websites of the various contracted third parties businesses (authorized users), who also depend on their investments in the use of Plaintiff's Mark.

66. Through Plaintiff's action, and because of widespread and favorable public acceptance and recognition, the Infringed Plaintiff's Mark have become distinctive designation of the source of origin of Plaintiff's business high quality products and services.

67. Plaintiff is making great effort to continue to make this Mark uniquely high quality products, and the building goodwill, in expanding the business modes and those relationships.

68. Plaintiff is informed and believe, and based thereon allege, that without the constant protection of the Mark, there will continue to be dilution of the Mark among other loss of property issues, and an ongoing confusion to the various consumers, businesses, and the general public, as well as damages to the good will and the various business relationships that have been developed over the years, and a potential long term damage and monitory loss as a result of the infringement activities.

**DEFENDANTS' C&H CLUBS, THE GOURMET, AND KRIS CALEF**

69. Plaintiff is informed and believe, and based thereon allege, that the Defendant C&H Clubs whose one mailing and/or business address is believed to be in the State of California, are conducting online internet business in regards to "Cheeses from around the World", which is similar to Plaintiff's and/or the authorized user's businesses.

70. Plaintiff is informed and believe, and based thereon allege, that the Defendants' and DOES 1-5 Search Engines, and DOES 6-20, runs their retail business in the State of California and are conducting online internet business in regards to "Cheeses from around the World", which is similar to that of the Plaintiff's and/or the authorized user's businesses.

71. Plaintiff is informed and believe, and based thereon allege, that Defendants' are doing business as "The Gourmet Cheese of the Month Club", claiming to a Trademark Name ("TM") on the website www.cheesemonthclub.com and/or www.flyingnoodle.com , herein after known as the "Infringing Websites".

72. Plaintiff is informed and believe, and based thereon allege, that Defendants" do <u>not</u> have a Trademark ("Mark") issued by the USPTO for the Mark known as "The Gourmet Cheese of the Month Club", a representation that is known to be false by these Defendants', and are a falsely marketed and/or advertises Mark, with the unlawful activities as a result thereby.

73. Plaintiff is informed and believe, and based thereon allege, that the Defendants' have intentionally and maliciously used this misrepresentation that there is Trademark for "The Gourmet Cheese of the Month Club", an alleged protected Mark, to the public to deceive and confuse the public, in order to steal the various customers, customers, and other businesses away from the Plaintiff and the other authorized users.

74. Plaintiff is informed and believe, and based thereon allege, that Defendants' have full control over their Infringing Websites and manipulates them to their advantage, in order to gain increased revenue in their sales and market shares in the cheese products that are offered on the online business and/or internet sales to consumers.

75. Plaintiff is informed and believe, and based thereon allege, that Defendants' may be changing this Infringing Websites, perhaps on a regular basis, to escape from liability.

**<u>DEFENDANTS' SCHEME TO DEFRAUD THE PUBLIC USING PLAINTIFF'S MARK</u>**

76. Plaintiff is informed and believe, and based thereon allege, that the Defendants' have deceive the general public, including the various consumers, customers, and businesses who have and/or will conduct business with Plaintiff, by misusing the famous Mark of Plaintiff, and by using the Plaintiff's Mark to not only sell to consumers (customers), who would otherwise have purchased from Plaintiff, but also have caused confusion with,

dilution, and intentional interference with those third-party businesses (authorized users) who have followed the law and obtained permission from Plaintiff when using the Mark.

77. Plaintiff is informed and believe, and based thereon allege, that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, knew and or should have known of the existence of the contract relationships in regards to this Mark.

78. Plaintiff is informed and believe, and based thereon allege, that the Defendants' are giving false advertisements and misrepresentation of his various club offers, cheese products, and providing misrepresentation that they maintain and established a similar Trademark, "The Gourmet Cheese of the Month Club", the false and fraudulent Mark of Defendant's.

79. Plaintiff is informed and believe, and based thereon allege, that upon searching the USPTO website, and on the Trademark Search Engine, the Trademark Electronic Search System ("TESS"), there is NO word Mark that is assigned by the USPTO as to the "The Gourmet Cheese of the Month Club" (herein after referred to as a "false word mark" and/or "false Mark"), as falsely claimed by the Defendants'.

80. Plaintiff is informed and believe, and based thereon allege, that when the Defendants' sell and distributes these inferior products while marketing with the Plaintiff's Mark, there is a clear confusion with consumers (including customers, businesses, and the general public) and devaluation of the infringement of the intellectual property rights (Mark) of the Plaintiff, and this conflict has created additional contractual interferences with the Plaintiff's contractual businesses (authorized users), who are in fact authorized to use Plaintiff's Mark.

81. Plaintiff is informed and believe, and based thereon allege, that Defendants' uses the services of various search engines, including that of Google and/or Yahoo!, and such small business to promote their online business and interact with his web sites, "Infringing Sites", www.cheesemonthclub.com and/or < www.flyingnoodle.com >.

82. Plaintiff is informed and believe, and based thereon allege, that Defendants' sells products similar to that of the Plaintiff and/or the third-party businesses (authorized users), which are primarily cheese and other products to their customers using the Plaintiff's Mark, and at times just adds words and phrases in front of and/or in relations to the Mark, and falsely claiming that a Trademark has been issued by the USPTO, on order to confuse the various consumers throughout the USA via the internet. Once of these false representation and/or false mark is "The Gourmet Cheese of the Month Club", that has been continuously being used by the Defendants' to cause such confusions.

83. The Plaintiff believes and herein alleges that the Defendants' have used the word "The Gourmet", in front of the Mark "Cheese of the Month Club", in order to solicit these various consumers (consumers), in order to convert these consumers to their business and profits. These Defendants' do not just use the work "Club" and/or "Month", which may be considered non-infringing as a mark.

84. The Plaintiff believes and herein alleges that the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, in fact have with a marketing business plan have intentionally used Plaintiff's Mark, "Cheese of the Month Club", and/or allowed to be used, in order to obtain additional consumers to their business and profits, thereby causing confusion, dilution, and/or infringement to the Plaintiff's Mark and business.

85. To date, the Plaintiff has never granted any of these Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, permission, license to use, and/or exploit any of Plaintiff Intellectual Property, Mark.

86. Plaintiff is informed and believe, and based thereon allege, that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, owns and/or controls all of these websites and manipulates the URL's, in order to obtain additional customers, business, and to their benefit.

87. Plaintiff is informed and believe, and based thereon allege, that Defendants' have instructed other companies, like Google, Yahoo, and/or Amazon, in order to use the Plaintiff's Mark, without authorization, in order to gain a greater market and customer accusation throughout the USA.

88. Plaintiff is informed and believe, and based thereon allege, that Defendants' may have other websites not known to Plaintiff, and does not hesitate to violate Plaintiff Mark', the name and relationship of those websites and/or online businesses, are unknown to Plaintiff at this time. Plaintiff will seek leave to amend this complaint once investigation and discovery is completed and the true nature of Defendants' actions are discovered.

89. Plaintiff is informed and believe, and based thereon allege, that Defendants' uses these techniques of ecommerce website design, and online store development with use of software to easily customize any online store, and add products or services, including various Trademark to their personal use.

90. Plaintiff is informed and believes, and based thereon alleges that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are now operating several websites which are currently offering cheese food products for sale.

The Infringing sites offer the sale of monthly selection of the cheese products sent to subscribing clients through and by using the Mark, "Cheese of the Month Club", by marketing, and/or in combination of the various use of Plaintiff's Mark as stated herein. The business model of the Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, websites, the goods sold, services provided and market base are believed to be similar and/or possible identical to that of Plaintiff, and the Defendants', each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are direct competitor of Plaintiff's throughout the United States and abroad, and/or the third-party businesses (authorized users) who have obtained permission to use the Mark.

91. Plaintiff is informed and believes, and base thereon alleges that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have registered and now utilizes several Mark, to link consumers to the "Cheese of the Month Club", and/or portions of the Mark that they are offering, providing membership to subscribers for "monthly" shipments of cheese and gourmet foods products, for their exclusive benefit.

92. Plaintiff is informed and believes, and base thereon alleges that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have marketed Plaintiff's Mark, by various misrepresentation, including but not limited to a false intentional misrepresentation that there is a Trademark issues by the USPTO in the word mark, of "The Gourmet Cheese of the Month Club", the "false word mark" and/or "false mark".

93. Plaintiff is informed and believes, and based thereon alleges that by using this "false mark", the Defendants' have abused and/or used the Plaintiff's Mark maliciously in order to cause confusion and take revenue and/or consumers away from the Plaintiff's business and/or from his authorized users businesses, and thus causing ongoing harm and financial harm and/or damages.

94. Plaintiff is informed and believes, and based thereon alleges that Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have not applied for any federal Trademark protection for the Doman Names mentioned herein (the "Mark" and/or "Infringing Sites"), nor have they requested Plaintiff's permission to register, traffic in, and/ or use the Mark and/or the "Cheese of the Month Club" Mark. The unauthorized Mark and their usage of "Cheese of the Month Club", are identical with or higher similar to Plaintiff's registered Trademark, "Cheese of the Month Club", as that which is being used falsely with the "false mark", that is "The Gourmet Cheese of the Month Club".

95. Plaintiff is informed and believes, and based thereon alleges that Defendants' , and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have placed false and/or misleading representation of "TM" next to their advertisement and/or their "false word mark" ("The Gourmet Cheese of the Month Club" TM), in order to not only defraud the various consumers, but also the Plaintiff and the various authorized users, thereby not only causes confusion to the various consumers and/or public, but in essence these lawless actions are unlawful, unethical, and fraudulent in nature (especially when there in fact is <u>no</u> authorized Mark that has been issued by the USPTO).

96. Moreover, Plaintiff is informed and believes, and based thereon alleges that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, utilizes the Cheese of the Month Mark to sell membership to subscribers, on these Infringing websites, products of cheese and/or cheese related products. The Defendants' and DOES 1-5 Search Engines, and DOES 6-20, uses, abuses, and infringement on Plaintiff's Mark, by adding works and/or phrases to the Mark to their convenience, and increase their customer base at the detriment of Plaintiff.

97. Plaintiff is informed and believes, and based thereon alleges that Defendants' , and DOES 1-5 Search Engines, and DOES 6-20, have caused confusion, dilution, and has also given false perception to Plaintiff's customers, business, and other various contractual relationships (authorized users) that are unaware of the Defendant's various unethical tactics.

98. Plaintiff is informed and believes, and based thereon alleges that Defendants' , and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, uses the Mark, "Cheese of the Month" Mark in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of their cheese and/or gourmet foods products.

99. Plaintiff is informed and believes, and based thereon alleges that Defendants' , and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, changes their infringing websites and willfully utilizes the Mark, "Cheese of the Month Club" Mark to cause ongoing confusion, mistake and/or deception among consumers (customers) as to the source, quality, and nature of Defendants' goods, quality, and nature of Defendants' goods and the source, sponsorship, affiliation and endorsement of Defendants', and each

of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, Defendants' websites ("Infringing websites") for their own commercial gain.

100. Plaintiff is informed and believe, and based thereon allege, that Defendants' , and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are well trained and experienced with the use of the Internet, in both creating websites and using all the various tools and techniques at their disposal.

101. Plaintiff is informed and believe, and based thereon allege, that Defendants' , and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, make income out of the proceeds received from the Trademark Infringement of Plaintiff, in redirecting customers and or consumers via the Internet and their various techniques that are defined as "Tools", "Browser tools", "Microsoft Internet Explorer Tools", and or uniform resource locator ("URL shortcut"), only to mention a few, all to redirect the consumer to the benefit of that of the Defendants'. The "uniform resource locator", abbreviated URL, also known as web address, is a specific character string that constitutes a reference to a resource. In most web browsers, the URL of a web page is displayed on top inside an address bar. An example of a typical URL would be http://en.example.org/wiki/Main_Page". A URL is technically a type of uniform resource identifier (URI), but in many technical documents and verbal discussions, URL is often used as a synonym for URI.

102. Plaintiff is informed and believe, and based thereon allege, that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, abuse Plaintiff's Mark by using these various Internet Tools (as described briefly herein) and by other marketing methods including "Pay Per Click" (PPC). Pay-per-click (PPC) (also

called cost per click), that is offered by the various search engines like Google, Yahoo ! and/or Amazon, all of which are internet advertising models used to direct traffic to various websites, in which advertisers pay the publisher (typically a website owner) when the ad is clicked. With search engines (as that of including but not limited to Yahoo!, Google, and/or even Amazon), advertisers typically bid on keyword phrases relevant to their target market, thereby gaining financial incentive in marketing this way.

103. Plaintiff is informed and believe, and based thereon allege, that Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, pay Google and/or Yahoo Inc. for web store services, including PPC.

104. Plaintiff contends that a likelihood of confusion exists between its goods and services and Defendants' and DOES 1-5 Search Engines, and DOES 6-20, goods and services insofar as consumers are apt to assume that a product or service offered by Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are associated with Plaintiff, due to the similarities between the Mark "Cheese of the Month Club", and that of the "false word mark", which has been used intentionally by the Defendants' and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively.

105. Plaintiff is informed and believes, and based thereon alleges that Defendants' use of the "Cheese of the month Club" Mark in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of its various products, especially cheese.

106. Plaintiff is informed and believes, and based thereon alleges that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, use the Internet and their various techniques that are defined as "Tools" (described herein), in order to highjack consumers

using the Plaintiff's Mark, to redirect to his various websites that he has created and/or that other third-party are relying on in order to obtain customer accusation.

107. Plaintiff is informed and believes, and based thereon alleges that Defendants' and DOES 1-5 Search Engines, and DOES 6-20, can easily turn on and/or off these tools, once created on his computer with a click and/or use of the keyboard. Therefore, Defendants' , DOES 1-5 Search Engines, and DOES 6-20 and each of them, can use Plaintiff's Mark at any time they desires, remove the evidence of usage of the Plaintiff's Mark, at any period of time, and give the "false impression", that at times they are not infringing on Plaintiff's Mark, a clear malicious act.

108. In a substantial portion of searches, Google's Ad Words program makes two distinct uses of a given keyword on behalf of Defendants'. First, the keyword triggers the "Sponsored Link" advertisement. Second, the keyword is often published as part of the advertisement itself. Accordingly, when the keyword in question is a Trademark or service mark, Defendants' can make confusing use of that mark in two different ways: (1) as a keyword trigger and (2) as part of the advertisement itself. Thus upon informed and believe, and based thereon allege, that at times Defendants' and DOES 1-5 Search Engines, and DOES 6-20, does both of these, causing more consumer confusion, in both of the products and services.

109. Plaintiff is informed and believes, and based thereon alleges that various search engines like Google (and/or Yahoo ! or Amazon) charges advertisers a fee every time a web user clicks on a keyword triggered "Sponsored Links".

110. Plaintiff is informed and believes, and based thereon alleges that many web users who enter one of the Infringed Mark into these various search engines (like Google, Yahoo !,

and/or Amazon, to name a few) and who then view a "Sponsored Link" and/or any combination of words related to the Mark containing Defendants' advertisements will follow the "Sponsored Link" to Defendant's website in the belief that the website is owned by or affiliated with that of Plaintiff's and/or his contracted third parties (authorized users).

111. Plaintiff is informed and believes, and based thereon alleges that many web users who are presented with such "Sponsored Links" to Defendant's website are not aware that Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and each of them, have not affiliation with the Plaintiff's Mark. These Defendants' misappropriation of the Infringed Mark as keywords triggers and its use of the confusingly similar terms is the "Sponsored Link" text are therefore likely to cause more contusion in the marketplace for building products.

112. Plaintiff is informed and believe, and based thereon allege, that Defendants' , including and DOES 1-5 Search Engines, and DOES 6-20, and each of them uses the online "small business" through various online business sites (including perhaps Yahoo! Inc. business sites) in order to conduct his online stores. Each website and each URL's are unique to each of his online ecommerce "store".

113. Plaintiff is informed and believes, and based thereon alleges that Defendants', including DOES 1-5 Search Engines, and DOES 6-20, have commercial advertising or promotions with the assistance of various search engines, including Google, Yahoo!, and/or Amazon (and the like), both describing and representing as fact, among other things, that Defendants' Infringing websites owns and/or controls the Plaintiff's Mark.

114. Plaintiff is informed and believes, and based thereon alleges that even if web users, consumers, realize that a given website is not affiliated with Plaintiff, once they reach it, the damage to Plaintiff has already been done. Many such consumers are likely either to stay at Defendants' website or to discontinue their search for Plaintiff's and/or his contract third party's websites (the authorized users). In addition, web users (consumers) may decide not to purchase Plaintiff's products and services in the future, therein converting and/or obtaining the consumers for their own benefit and unjust enrichment.

115. Plaintiff is informed and believes, and based thereon alleges that the Defendants' actions have created the circumstances in which Plaintiff and/or the other various third-party businesses ("authorized users") who have authorized use of the Plaintiff's Mark, will be forced to pay to use advertising to reduce the likelihood that consumers will be confused by Defendants' and DOES 1-5 Search Engines, and DOES 6-20, action and practices. This need to reduce the extent of consumer confusion caused by Defendants' action has cost and, unless enjoined, will continue to economically harm Plaintiff and those authorized users, to use the Mark.

116. Plaintiff is informed and believe, and based thereon allege, and contends that a certain likelihood of confusion exists between its goods and services and Defendants' goods and services insofar as consumers have already assumed that a product and/or service offered by Defendants' are associated with Plaintiff due to similarities between the Cheese of the Month Club Mark by that of the Defendants'.

117. Plaintiff has on multiple occasions has demanded that Defendants' including C&H Clubs, The Gourmet, Kris Calef, and DOES 1-5 Search Engines, and DOES 6-20, "cease and desist" their infringements and/or assistance of therein, including the action of unfair

competition, however the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, to date have ignored those demands and have continued their wrongful conduct. (See **Exhibit "B"** – a true and accurate Notice by Plaintiff to "Cease and Desist" the infringement activity, by email and US Mail.)

118. Plaintiff is informed and believes, and based thereon alleges that these Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, have thereby violated the various trademark laws as identified herein, when they choose to ignore the notices that was provided by the Plaintiff and/or his authorized parties, including his legal counsel.

**ALL DEFENDANTS'**

119. Plaintiff is informed and believe, and based thereon allege, that Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and each of them, do not respects the intellectual property of others, including that of the Plaintiff.

120. Plaintiff is informed and believe, and based thereon allege, that Defendants' policy, in appropriate circumstances and at its discretion, to disable and/or terminate the accounts of users who may infringe or repeatedly infringe the copyrights or other intellectual property rights of others.

121. Plaintiff is informed and believe, and based thereon allege, that Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and each of them, offers services for advertisements known as "Pay per Click" ("PPC"). Pay-per-click (PPC) (also called cost per click) is an internet advertising model used to direct traffic to websites, in which advertisers pay the publisher (typically a website owner) when the ad is clicked. It is defined simply as "the amount spent to get an advertisement clicked."

122. With search engines, advertisers typically bid on keyword phrases relevant to their target market. Content sites commonly charge a fixed price per click rather than use a bidding system. PPC "display" advertisements, also known as "banner" ads, are shown on web sites or search engine results with related content that have agreed to show ads.

123. In contrast to the generalized portal, which seeks to drive a high volume of traffic to one site, PPC implements the so-called affiliate model, which provides purchase opportunities wherever people may be surfing. It does this by offering financial incentives (in the form of a percentage of revenue) to affiliated partner sites. The affiliates provide purchase-point click-through to the merchant. It is a pay-for-performance model: If an affiliate does not generate sales, it represents no cost to the merchant. Variations include banner exchange, pay-per-click, and revenue sharing programs.

124. Websites that utilize PPC ads will display an advertisement when a keyword query matches an advertiser's keyword list, or when a content site displays relevant content. Such advertisements are called sponsored links or sponsored ads, and appear adjacent to, above, or beneath organic results on search engine results pages, or anywhere a web developer chooses on a content site.

125. Cost per click (“CCP”), along with cost per impression and cost per order, are used to assess the cost effectiveness and profitability of internet marketing. Cost per click has an advantage over cost per impression in that it tells us something about how effective the advertising was. Clicks are a way to measure attention and interest. Thus many Internet website users use the CCP method in order to obtain increased revenue.

126. The PPC advertising model is open to abuse through click fraud and or illegal activity including Trademark infringement, although Google and others have implemented automated systems to guard against abusive clicks by competitors or corrupt web developers.

127. Plaintiff is informed and believe, and based thereon allege, that Defendants' and DOES 1-5 Search Engines, and DOES 6-20, uses various websites, including but not limited to Google, Yahoo ! and/or Amazon's services, including in the Yahoo small business and/or advertisements using "Pay per Click" ("PPC"), CCP, and use of these search engines in order to conduct his business and reach Plaintiff or Plaintiff's authorized user (third-party business's) consumers through this marking model, thus using this technology in infringing on the Plaintiff's Mark.

128. Plaintiff is informed and believe, and based thereon allege, that some of these search engines, including Google, Yahoo !, and/or Amazon (to mention a few) are able to stop the Defendants' Infringement violations and/or at least not assist therein, and possible prevent Defendants' and DOES 1-5 Search Engines, and DOES 6-20, in these unlawful acts of Infringement violations, as stated herein.

129. Plaintiff is informed and believe, and based thereon allege, that Defendants', including DOES 1-5 Search Engines, and DOES 6-20, online Infringing websites and/or stores are in fact, controlled by these Defendants' and each of them.

130. Plaintiff is informed and believe, and based thereon allege, that some of these search engines, including Google, Yahoo !, and/or Amazon (to mention a few) to date have <u>not</u> stopped and have continued to allow and/or assist the Defendants' in these unlawful acts of Infringement violations as stated herein, despite the various notices by Plaintiff.

In addition by allowing these Defendants' actions to be continued, these other parties (including search the various search engines, DOES 1-5 search engines) have interfered with various business relationships of Plaintiff, and enhances the uninterrupted conducted business with the Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and each of them, thereby contributing to the ongoing losses and damages to Plaintiff and the other third party authorized users and/or other business associates.

131. Plaintiff is informed and believe, and based thereon allege, that these Defendants' and each of them, are infringing on Plaintiff's Trademark by using the same and or similar words like "Cheese of the Month Club" in his web sites (Yahoo online stores), "Infringing Sites", <www.cheesemonthclub.com>, <www.flyingnoodle.com>, and other sites not known to Plaintiff.

132. Plaintiff is informed and believe, and based thereon allege, that Defendants', including and DOES 6-20 inclusively, also pay for the various search engines including Google Inc., Yahoo !, and/or Amazon for the "Pay per Click".

**DEFENDANT'S MERCHANT**

133. Plaintiff is informed and believe, and based thereon allege, that Defendants' accepts credit card for their business.

134. Plaintiff is informed and believe, and based thereon allege, that Defendants' Merchant Account Number is not known at the present time.

135. During the sale of these products on Defendants' , including DOES 6-20, websites and through transaction over the Internet Defendant Merchant has profited from Defendants' infringement activity.

136. These uses of the Cheese of the Month Club Mark is in no way licensed by, affiliated with, or authorized by Plaintiff, as to any of these maliciously, deliberately, willfully, and/or in bad faith lawless actions.

137. Plaintiff is informed and believes, and upon that basis alleges, that the Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, have used the Internet, magazines, and possibly other means to direct their false or misleading deceptions and representation of fact by the various consumers and/or customers of the United States and California residents, and to publicly display and distribute and to otherwise exploit their infringements throughout the United States and in California. Plaintiff is presently unaware of the full extent and nature of these Defendants' and each of them, activities that have caused infringements and other wrongful conducts, and the Plaintiff will, if necessary, seek leave to amend this pleading to describe the full extent and nature of these various Defendants' infringements and other wrongful conduct and/or lawless acts, when ascertained by Plaintiff.

138. Plaintiff further contends that these Defendants', including DOES 1-5 Search Engines, and DOES 6-20 inclusively, action and activities have and will continue to dilute its unique, famous, and distinctive Trademark.

139. Plaintiff is informed and believe, and based thereon allege, that Defendants' various action or lack of their action in trying to stop the Defendants' illegal activity (conspiring with and/or assisting with the various lawless actions), of using Plaintiff's Mark, giving false advertisements, selling poor products, and false information has caused great confusion with various consumers.

140. Over a period of time, and on multiple occasions the Plaintiff and his associates have communicated with Defendants', including DOES 1-5 Search Engines, and DOES 6-20 inclusively, and each of them, to "cease and desist", advising them that their activities constituted a violation of Plaintiff's exclusive rights in the Mark, "Cheese of the Month Mark", and of the mounting damages from said infringement. (Example, see Exhibit "B")

141. Despite the Plaintiff's attempts to stop these infringement violations, these Defendants', including the Defendant Marchant, are believed to have continued to act maliciously, deliberately, willfully, or in bad faith, especially when they received adequate notices.

142. Upon information and belief, as a result of the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, various internet marketing for his websites and extensive advertising in order to sell his products (including cheese, cheese products, and food products) in connection with Plaintiff's intellectual properties, "Mark", (which are quite similar in context), there has been confusion in which now customers of Defendants', throughout the United States, are calling Plaintiff and/or his contracted business (authorized users) relationships to either complain, clarify orders, or cancel orders, thus causing more conflict and damage to Plaintiff's business and contractual relationships.

143. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, infringements constitutes a willful and malicious violation of Plaintiff's Trademark rights, aimed at preventing Plaintiff from continuing to build a business around a mark that it has help develop and just recently possessed.

144. Plaintiff is informed and believe, and based thereon allege, and contends that at various times, Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, continue to engage in the aforementioned infringing activities, despite the notices to cease and desist, and these DOES 1-5 Search Engines and/or DOES 6-20 Defendants', who have an obligation to stop these Defendants', have to date failed to do so.

**<u>DEFENDANT'S DOES 1-5 Search Engines</u>**

145. Plaintiff is informed and believe, and based thereon allege, that Defendants' DOES 1-5 Search Engines, have assisted these unauthorized user Defendants' of the Plaintiff's Mark by the various online internet marketing, including but not limited to the pay per click advertisements, there by profiting by these various marketing infringements acts, that are believed to be willful or in bad faith.

146. Plaintiff is informed and believe, and based thereon allege, that during the marketing and/r sale of these products by the various unauthorized Defendants', these DOES 1-5 Search Engines, and DOES 6-20, have assisted in and thereby redirected the various consumers to the various websites and through transaction over the Internet these Defendants', and all of them have all profited from these various infringement activities.

147. The uses of the Cheese of the Month Club Mark is in no way licensed by, and/or affiliated with, or authorized by Plaintiff, as to any of these maliciously, deliberately, willfully, or in bad faith lawless actions by the Defendants', and each of them.

148. Plaintiff is informed and believes, and upon that basis alleges, that these DOES 1-5 Search Engines, and each of them, have used the Internet search engines, and possibly other means to direct their false or misleading deceptions and representation of fact to

various consumers and/or customers of the United States and California residents, and to publicly otherwise exploit these various infringements actions throughout the United States and in California. Plaintiff is presently unaware of the full extent and nature of these DOES 1-5 Search Engines and each of them, activities that have caused infringements and other wrongful conducts, and the Plaintiff will, if necessary, seek leave to amend this pleading to describe the full extent and nature of these various Defendants' infringements and other wrongful conduct and/or lawless acts, when ascertained by Plaintiff.

149. Plaintiff further contends Defendants', and each of them, including DOES 1-5 Search Engines, actions and activities have and will continue to dilute its unique, famous, and distinctive Trademark.

150. Plaintiff is informed and believe, and based thereon allege, that Defendants', and each of them, including DOES 1-5 Search Engines, various action or lack of their action, in trying to stop the Defendants' illegal activity (including conspiring with and/or assisting with the various lawless actions), of using Plaintiff's Mark, giving false advertisements, and false information to cause various confusion with online consumers, consumers, and/or related businesses.

151. Over a period of time, and on multiple occasions the Plaintiff and his associates have communicated with Defendants', and each of them including DOES 1-5 Search Engines, to cease and desist, advising them that their activities constituted a violation of Plaintiff's exclusive rights in the Mark, "Cheese of the Month Mark", and of the mounting damages from said infringement. The Plaintiff will continue to provide Notice to these

Defendants', prior to and thereafter filing a civil action, in order to stop further infringement violations.

152. Plaintiff is informed and believe, and based thereon allege, that despite the Plaintiff's attempts to stop these infringement violations, these Defendants', including the Defendant DOES 1-5 Search Engines, and DOES 6-20, are believed to have continued to act maliciously, deliberately, willfully, or in bad faith.

153. As a result of Defendants' and DOES 1-5 Search Engines, and DOES 6-20, various internet marketing for the websites and extensive advertising in order to sell these products (including cheese, cheese products, and food products) in connection with Plaintiff's intellectual properties, "Mark", (which are quite similar in context), there has been confusion in which now customers of Defendants' throughout the United States, are calling Plaintiff and/or his contracted business (authorized users) relationships to either complain, clarify orders, or cancel orders, thus causing more conflict and damage to Plaintiff's business and contractual authorized users relationships.

154. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, infringements constitutes a willful and malicious violation of Plaintiff's Trademark rights, aimed at preventing Plaintiff from continuing to build a business around a mark that it has help develop and just recently possessed.

155. Plaintiff is informed and believe, and based thereon allege, that Defendants' , including DOES 1-20, and each of them, deceptive and fraudulent impersonation of Plaintiff Mark, and deceptive, fraudulent and unauthorized misuse of the federally registered Mark, have caused pecuniary harm to Plaintiff, because Plaintiff have been forced to, among other

things, expend money and resources to rectify the fraudulent and lawless actions, by filing this civil action, as there is no other remedy.

156. Plaintiff is informed and believe, and based thereon allege, that the Defendants' and each of them, actions have also harmed Plaintiff's goodwill, business reputation and interfered with Plaintiffs' business, and potential earnings by redirecting those various consumers away from Plaintiff and the authorized users of the Mark.

## FIRST CAUSE OF ACTION

**(Trademark Infringement in Violation under Lanham Act § 32(1), under 15 U.S.C. § 1114(1), Et. Seq. and § 3232)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

157. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

158. Plaintiff is informed and believe, and based thereon allege that the Defendants' have used and continue to use the Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of the sale of cheese and/or related services, all without authorization from Plaintiff.

159. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, intentionally and knowingly infringed Plaintiff's Trademark ("Mark") without the consent or authorization of Plaintiff by using in commerce of Plaintiff's registered Mark and "similar words" in "Meta Tags" and "Key Words" in connection with the sale, offering for sale, distribution and advertising of goods and services, and using the

Internet Tools at his disposal including CCP, PPC, and URI's, in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive consumers.

160. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants', including DOES 1-5 Search Engines, and DOES 6-20, have intentionally and knowingly infringed the "Cheese of the month Club", Mark, without the consent and/or authorization of Plaintiff, by using in commerce a reproduction, counterfeit, copy, and/or colorable imitation of the "Cheese of the Month Club", Mark, in connection with the sale, offering for sale, distribution and advertising of Cheese goods and services which is likely to cause confusion, or to cause mistake, or to deceive consumers.

161. Plaintiff is informed and believe, and based thereon allege that the Defendants' and each of them, have reproduced, copied or imitated the federally registered Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of Cheese goods and/or related services without Plaintiff's consent.

162. Plaintiff is informed and believe, and based thereon allege that the Defendants' and each of them, have caused infringing activities and are likely to continue to cause, confusion, mistake and deception among the general consuming public and trade as to the origin and quality of services by Defendants' purport to offer, or of Plaintiff's and/or the authorized users' services.

163. Plaintiff is informed and believe, and based thereon allege these Defendants' and each of them, unlawful conduct(s) has been knowing, deliberate and willful.

164. Plaintiff is informed and believe, and based thereon allege these Defendants' and each of them, have been and are likely to continue to be unjustly enriched by their infringing conduct(s).

165. The Plaintiff has been harmed and continue to be harmed by the Defendants' and each of them, unlawful acts as identified herein.

166. The Plaintiff believes that he has no adequate remedy at law. The Defendants' and each of them, conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff and his authorized users. As a result of these various Defendants' and each of them, conduct, Plaintiff is entitled to injunctive as relief and damages in an amount to be determined at trial.

167. As a direct result of Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, willful acts of Trademark Infringement as described herein, Plaintiff has suffered substantial damage, at an approximation of at least $ 500,000.00, and/or at an amount to be proven at trial.

168. Plaintiff is informed and believe, and based thereon allege that the Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, acts of infringement have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate by monetary damages alone, and Plaintiff is therefore entitled to injunctive relief, restraining these Defendants' and each of them, and their respective officers, agents, and employees, and all persons acting in concert with them, from their wrongful and lawless conducts.

169. Furthermore, by engaging willingly in the wrongful conduct described herein, Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have acted maliciously fraudulently and oppressively, in conscious disregard of Plaintiff's rights. Consequently, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants' and each of them, according to proof at trial.

170. Plaintiff is informed and believe, and based thereon allege that since Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants', and each of them are restrained and enjoined from continuing to engage in such wrongful and lawless conducts.

171. The above acts of Defendant's and each of them, constitute infringement of the Mark in violation of Section 32(1) of the of Lanham Act, 15 U.S.C. § 1114(1).

172. By reason of the foregoing acts, Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, are liable to Plaintiff for Trademark infringement under 15 U.S.C. § 1114.

173. Plaintiff is further entitled to recovery from Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, the damages Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants' as a result of Defendants' Violation of 15 U.S.C. § 1125. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to exceed $ 500,000.00.

//

## SECOND CAUSE OF ACTION

**(Trademark Dilution in Violation of the Lanham Act § 43(c), under 15 U.S.C. § 1125(c), Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

174. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

175. Plaintiff is the legal and registered owner of Trademark stated herein (Cheese of the Month Club, "Mark"), which is famous and distinctive. The Defendants', including DOES 1-5 Search Engines, and DOES 6-20, herein are making use of the Cheese of the Month Club Mark in commerce.

176. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, continued use of Plaintiff's unique and famous Trademark, after Plaintiff's informed Defendant not to do so, on more than one occasion.

177. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, use presents a likelihood of dilution of the distinctive value of Plaintiff's famous mark and business reputation associated with same Mark.

178. Plaintiff did not and does not authorize the Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, nor any Defendant's agents, to use his mark in any manner whatsoever.

179. As a direct result of Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, willful acts of Trademark Infringement as described herein, Plaintiff has suffered substantial damage, at an amount to be proven at trial.

180. Plaintiff is informed and believe, and based thereon allege that the Defendant's acts of Infringement and Trademark dilution, have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate or measured by monetary damages alone, and Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury in such wrongful conduct and is therefore entitled to injunctive relief.

181. Plaintiff avers that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, use of the Mark and/or term Cheese of the Month Club, comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

182. Furthermore, by engaging willingly in the wrongful conduct described herein, Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, have acted maliciously fraudulently and oppressively, in conscious disregard of Plaintiff's rights. Consequently, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants' and each of them, according to proof at trial.

183. Since Defendants' have acted willfully and with a conscious disregard of Plaintiff's rights, Plaintiff is also entitled to an award of punitive and or exemplary damages, in amount of at least $ 500,000.00, according to proof.

//

**THIRD CAUSE OF ACTION**

**("False Designation of Origin" Violation under the Lanham Act § 43(a), under 15 U.S.C. § 1125(a), Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

184. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

185. Plaintiff is informed and believe, and based thereon allege, and contends that by distributing, marketing and otherwise exploiting Plaintiff's Trademark in Interstate Commerce Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, has falsely represented to the public that Defendants', and each of them, products are in fact the more widely known higher quality products of Plaintiff.

186. As a result, members of the public will and have been reasonably be deceived and/or confused into believing that by placing order with Defendants', including DOES 1-5 Search Engines, and DOES 6-20, herein, they are actually ordering products from Plaintiff, and or contractual associates of Plaintiff. Plaintiff is and has been seriously injured by such deception and that negatively impacts their ability to distribute market and otherwise exploit their products and subjects to consumer confusion in so far as Defendant's products and services are of inferior quality.

187. By engaging in wrongful conduct described herein and above, Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, has violated section 43(a) of the Lanham Act, 15.U.S.C. § 1125(a) for False Designation of Origin. Because Defendants', and each of them, has engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts,

this is an exceptional case, which merits an award of treble damages and attorney's fees against Defendants'.

188. Defendants' acts and conduct has caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages, however damages in amount of at least $ 500,000.00. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants', and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct.

**<u>FORTH CAUSE OF ACTION</u>**

**("Passing Off" in violation under the Lanham Act § 43(a), under 15 U.S.C. § 1125(a), Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

189. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

190. Plaintiff is informed and believe, and based thereon allege, and contends that by distributing, marketing and otherwise exploiting Plaintiff's Trademark in Interstate Commerce Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, have falsely represented to the public that Defendants' products are in fact the more widely known higher quality products of Plaintiff.

191. By using the Cheese of the Month Club Mark, which for all intends and purposes are identical in terms of sight, sound, and meaning to the Cheese of the Month Club, Mark. itself, to sell goods and services in marketing channels identical to Plaintiff's.

192. The Plaintiff is informed and believe, and based thereon allege, and contends that Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, are passing off their services to the public as if they were the more widely known, higher quality CHEESE OF THE MONTH CLUB.

193. As a result, members of the public will reasonably be deceived and/or confused into believing that by placing order with Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, herein, they are actually ordering products from Plaintiff. Plaintiff is seriously injured by such deception and that negatively impacts their ability to distribute market and otherwise exploit their products and subjects to consumer confusion in so far as Defendant's products and services are of inferior quality and at times misleading, and false in nature.

194. Plaintiff is informed and believe, and based thereon allege as a result, members of the public will reasonably be deceived and/or confused into believing that by inputting either of Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and each of them, Mark and/or subscribing to "Cheese of the Month Club" on Defendants' Websites, they are actually viewing, ordering, and/or purchasing products and services from Plaintiff.

195. Plaintiff is informed and believe, and based thereon allege by engaging in wrongful conduct described herein and above, Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and each of them, have violated section 43(a) of the Lanham Act, 15.U.S.C. § 1125(a) for False Designation of Origin. Because Defendants' have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts, this is an exceptional

case, which merits an award of treble damages and attorney's fees against these Defendants', and each of them.

196. Plaintiff is seriously injured by such deception, in that it negatively impacts its ability to distribute, market and otherwise exploit its products and subjects them to consumer confusion insofar as Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, inclusively, products and services are of inferior quality.

197. Plaintiff is informed and believe, and based thereon allege that the Defendant's acts and conduct has caused and will continue to cause Plaintiff great and irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, however in amount of at least $ 500,000.00. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

**(Unfair Competition Under Lanham Act § 4334, and in Violation of 15 U.S.C. § 1125 and the Business and Professional Code § 17200, 17500 Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

198. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

199. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants', including DOES 1-5 Search Engines, and DOES 6-20, false and misleading descriptions or representation of fact in the Defendants' commercial advertising or promotion misrepresentations, among other things, with the assistance and or the co-

Defendants' as stated herein, unfair competition in violation of 15 U.S.C. § 1125(a) and also in violation of Trademark Infringement under the Lanham Acts, as stated herein.

200. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, use of the mark to promote, market, or sell products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Thus the Defendants', including DOES 1-5 Search Engines, and DOES 6-20,'s use of the mark, as stated herein, is likely to cause confusion, mistake, and deception among consumers. Defendants' and each of them, unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

201. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants' conduct as hereinabove alleged also constitutes unfair competition under the common law of the State of California.

202. As described above, Defendant's acts of distributing, marketing and otherwise exploiting Plaintiff's Trademark in Interstate commerce, Defendants', including DOES 1-5 Search Engines, and DOES 6-20, have created consumer confusion by causing the public to believe that Plaintiff's products are associated with, endorsed by or in fact the more widely known, higher quality Plaintiff's products and services. This constitutes violations of both State and Federal Statutes. Accordingly Defendants' have violated California Business and Professional Code § 17200, and 17500 et seq., which prohibits acts of unfair competition and unfair business practices.

203. Plaintiff is informed and believe, and based thereon allege that the Defendant's acts and conduct in violation of California Business and Professional Code § 17200 and 17500 et seq., have caused and will continue to cause Plaintiff's irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in great and irreparable injury and damages. The harm sustained as a result of Defendants', and each of them, wrongful acts cannot be adequately compensated or measured in damages. Thus the Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless the Defendants' and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct.

204. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, to cease the unfair competition, as well as disgorgement of all of Defendants', including DOES 1-5 Search Engines, and DOES 6-20, profits associated with this unfair competition.

205. By the reason of the foregoing, Plaintiff is entitled to an injunction to restrain Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, from engaging in such further unlawful conduct. Plaintiff is also entitled to restitution from these Defendants' to compensate Plaintiffs for injury sustained as a result of Defendant's unlawful and wrongful acts and conduct.

206. Since Defendants' have acted willfully and with a conscious disregard of Plaintiff's rights, Plaintiff is also entitled to an award of punitive and exemplary damages, according to proof.

207. Plaintiff is further entitled to recovery from Defendants', including DOES 1-5 Search Engines, and DOES 6-20, the damages Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants' as a result of Defendants' violation of 15 U.S.C. § 1125. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to exceed $ 500,000.00.

## SIXTH CAUSE OF ACTION

**(Cybersquatting in Violation of the Lanham Act § 43(d), 12 U.S.C. § 1125(d) Et. Seq,)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

208. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

209. It is undisputed that the Plaintiff is the registered owner of the Trademark "Cheese of the Month Club" Mark.

210. Plaintiff is informed and believe, and based thereon allege, and contends that Defendants' , including DOES 1-5 Search Engines, and DOES 6-20,, and each of them, traffic in and use the Cheese of the Month Club Mark which are identical, confusingly similar to and/or dilutive of the Cheese of the Month Club Mark with the bad faith intent to profit from the Cheese of the Month Club Mark in commerce.

211. As a direct result of Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, actions, Plaintiff has suffered substantial damage in amount of at least $ 500,000.00, in an amount to be proven at trial.

212. Since Defendants', and each of them, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless these Defendants', including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are restrained and enjoined from continuing to engage in such wrongful conduct.

## SEVENTH CAUSE OF ACTION

**(Unjust Enrichment)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

213. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

214. Plaintiff is informed and believe, and based thereon allege, and contends that by reason of the foregoing facts, Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, and each of them, have become unjustly enriched at the expense of Plaintiff by profiting from the use of Plaintiff's Trademark and by realizing monetary gain from their unauthorized use of said Mark.

215. Plaintiff is informed and believe, and based thereon allege, the Defendants', and each of them, have been unjustly enriched, with damages in amount of at least $ 500,000.00, in an amount that cannot be precisely ascertained at this time, but will be ascertained according to proof at the time of trial.

216. As a direct result of Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, actions, the Plaintiff has and will continue to suffer substantial damage, in an amount to be proven at trial.

217. Plaintiff is informed and believe, and based thereon allege that since Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants', and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct.

## EIGHTH CAUSE OF ACTION

**(Demand for Accounting)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

218. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

219. As seen above, Plaintiff has an interest in all of the money that is generated from the exploitation of its Trademark, from each of the Defendant's, and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively.

220. Plaintiff is informed and believe that Defendant's, and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have generated and undetermined, yet substantial amount of money, due to the commercial exploitation of Plaintiff's Trademark (Mark).

221. The amount of money due from Defendant's are unknown to Plaintiff and cannot be ascertained without an accounting of all of the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, financial records related to the sales generated through there infringing activities, damages in amount of at least

$ 500,000.00.

222. As a result of Defendant's action or lack thereof Plaintiff has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiff hereby requests that the court order, an accounting of all of Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, financial records related to the infringing activities in order to determine the sums rightfully due to Plaintiff. Furthermore, Plaintiff demands that those sums be paid from the date that Plaintiff has owned the Mark.

**NINTH CAUSE OF ACTION**

**(Constructive Trust)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

223. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

224. Plaintiff is informed and believe that Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have generated and undetermined, yet substantial amount of money, due to the commercial exploitation of Plaintiff's Trademark.

225. As seen above Plaintiff is entitled to all of the money that is generated from the infringing activities.

226. Plaintiff has not given its' consent for Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, to utilize their Trademark. Such monies should be placed in a constructive trust until such time as this matter is resolved, damages in amount of at least $ 500,000.00.

**TENTH CAUSE OF ACTION**

**(Unlawful, Unfair and Fraudulent Bus. Practices —**

**Cal. Bus. & Prof. Code § 17200 Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

227. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

228. Plaintiff contends that a likelihood of confusion exists between its' Trademark rights and Defendants', including DOES 1-5 Search Engines, and DOES 6-20 inclusively, activities insofar as consumers are apt to assume that a product or service offered by Defendants', and each of them are associated with Plaintiff's due to similarities between the two Mark and/or marketing techniques.

229. Plaintiff further contends that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, action and or activities have and will continue to dilute its famous and distinctive Trademark.

230. Cease and desist letters have been sent to the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, advising and/or assist in advertising them of the infringement and mounting damages from said infringement. The Plaintiff will continue to provide Notice during and prior to the naming of the various DOES, and throughout discovery in this matter.

231. Plaintiff is informed and believe, and based thereon allege at this time Defendants', and each of them. including DOES 1-5 Search Engines, and DOES 6-20 inclusively, continue to engage in the aforementioned infringing activity, and/ or assist in the aforementioned infringing activity.

232. Plaintiff is informed and believe that these actions on behalf of Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are wrongful and should be enjoined that they have caused, and continue to cause, Plaintiff great and irreparable injury, damages in amount of at least $ 500,000.00, to be proven at trial.

233. Plaintiff has no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's ongoing and future interest.

234. Plaintiff is informed and believe that the Defendants' , and each of them, have engaged in unlawful, unfair and fraudulent business acts and practices because they:

(a) Violated California Penal Code § 529 by impersonating the Mark in the process of accepting consumers, customers, and engaging in various businesses relationships with in regards to the use of the Mark;

(b) Violated California Civil Procedure Code § 1209(a)(8) by routinely and as a regular business practice accepting service of the various business transactions, including the sales and services form the use of the Mark;

(c) Violated 15 U.S.C. § 1114(1) as set forth above;

(d) Violated 15 U.S.C. § 1125(a)(1)(A) as set forth above; and

(e) Violated Cal. Bus. & Prof. Code § 14245 as set forth above.

235. Plaintiff is informed and believe that the Defendants' and each of them, have engaged in unfair and fraudulent business acts and practices because they impersonated the Plaintiff's Mark ("Cheese of the Month Club") through the use of the unauthorized false Mark ("The Gourmet Cheese of the Month Club"), which is deceptively similar to Plaintiff's Mark, for the purpose to misleading the consumers, customers, various

businesses, and the general public at large into believing that Defendants' are or represent the Plaintiff and/or the Mark, or at the very least are associated with or sponsored or approved by Plaintiff, when clearly they are not.

236. Plaintiff is informed and believe that the Defendants' , and each of them, unlawful, unfair and fraudulent business acts and practices have caused Plaintiff to lose money, profits, and other contractual relationships, since at least from December 01, 2012, to the present, and the near future, and, if not enjoined, will continue to cause Plaintiffs to lose, ongoing profit losses, goodwill, and also reputation. As a result of the Defendants', and each of them, conduct(s), the Plaintiff is entitled to injunctive relief. In addition, the Plaintiff is also entitled to full restitution of any money and/or profits by the Defendants' and each of them, have gained by their violations of California Business & Professions Code §§ 17200 et. seq..

## ELEVENTH CAUSE OF ACTION

**(Deceptive, False and Misleading Advertising —
Cal. Bus. & Prof. Code §§ 17500 Et. Seq.)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

237. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

238. Plaintiff is informed and believe that the Defendants' and each of them, has adopted and are using the Plaintiff's Mark with the intent to directly or indirectly promote and sell the various Defendants' products and services, and to profit from the Plaintiff's reputation and goodwill.

239. The above acts of Defendants' , and each of them, constitute untrue and misleading advertising as defined by California Business & Professions Code §§ 17500 et. seq.

240. Plaintiff is informed and believe that the Defendants', and each of them, have been unlawful, unfair, and conducted fraudulent business acts and practices and have caused Plaintiff to lose money profits, and other contractual relationships, since at least from December 01, 2012, to the present, and the near future, and, if not enjoined, will continue to cause Plaintiffs to lose, ongoing profit losses, goodwill, and also reputation. As a result of the Defendants', and each of them, conduct(s), the Plaintiff is entitled to injunctive relief. In addition, the Plaintiff is also entitled to full restitution of any money and/or profits by the Defendants' , and each of them, have gained by their violations of California Business & Professions Code §§ 17200 et. seq..

## TWELFTH CAUSE OF ACTION

## (INJURY TO BUSINESS REPUTATION AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

241. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous Causes of Action (COA) in this Complaint, inclusive, as though fully set forth herein.

242. Plaintiff had contractual relations with multiple businesses (authorized users) and various third-user parties, including that exceed many relationships due to his various businesses, with the Mark.

243. Over the years, the Plaintiff has had contractual relations with many parties, and a duty to protect that relationship, his business transactions, and his reputation.

244. Plaintiff is informed and believe that the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, knew or should have known of the existence of the contract relationships, those parties, businesses, and those various relationships and the fact the Plaintiff reputation and contracts were vital with the Mark and his business.

245. Plaintiff is informed and believe that the Defendants' , including DOES 1-5 Search Engines, and DOES 6-20, knew or should have known of the existence of the contract relationships, those parties, businesses, and those various relationships between Plaintiff, and other businesses, and/or his clients, though various contractual and businesses of Plaintiff, in regards to the Mark.

246. Plaintiff is informed and believe that the Defendants' , including DOES 1-5 Search Engines, and DOES 6-20,'s use of Plaintiff's Trademark inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff and its products and services, will believe that Plaintiff is affiliated with or related to or has the approval of Defendants', and any adverse reaction by the public to Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and the quality of its products, the various actions, misrepresentations, and the nature of its business will injure the business reputation of Plaintiff and that of the other authorized users, and the goodwill that he has developed and enjoys in connection with the Trademark (Mark).

247. Plaintiff has many contractual relationship (authorized users) in regards to his business and the relationship of the Mark, with those businesses.

248. Plaintiff has spent hundred of hours, both with time, labor, and financial commitment in establishing "Links" and other business relationship with the Mark, which have been

stolen and converted by the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, in this action.

249. Plaintiff is informed and believe, and based thereon allege, that Defendants' including but not limited to Google, Yahoo !, and/or Amazon has allowed and at times assisted these infringement businesses on the various online marketing of consumers, customers, and other businesses, the Defendants' and their business relationships, the DOES 1-5 Search Engines, and the other DOES 6-20, to violate the Trademark Infringement Laws, as stated herein.

250. Plaintiff is informed and believe, and based thereon allege, that Defendant Merchant Accounts has benefited from the Defendants', and each of them, when there was a violation of the Trademark Infringement Laws, as stated herein.

251. Plaintiff is informed and believe that pursuant to such duty, the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, were obligated to perform their duty, and not cause any harm to Plaintiff, and was required to stop these various Infringement activities when possible.

252. Plaintiff is informed and believe, and based thereon allege, that Defendants' including the Defendant Merchant, DOES 1-5 Search Engines, and DOES 6-20, have intentionally and or un-intentionally assisted these various Defendants' and each of them, in these Trademark Infringement violations as stated herein, by providing their services despite their knowledge of the various infringement and unlawful violations and/or unlawful actions.

253. Plaintiff is informed and believe, and based thereon allege, that Defendants' , and each of them, including the Defendant Merchant, DOES 1-5 Search Engines, and DOES 6-20,

did not prohibit its members, associates, employee's, and or agents from engaging in any form of infringement on the Mark.

254. Plaintiff is informed and believe that as pursuant to the color of Law and the Constitution, Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, were obligated to perform their duty, follow the State, Federal and Constitutional Laws.

255. Plaintiff is informed and believe, and based thereon allege, that since the Defendants' and each of them, did not prohibit its members, associates, employee's, and or agents from engaging in any form of infringement, that the Defendants', including the Defendant Merchant, DOES 1-5 Search Engines, and DOES 6-20, are in effect assisting and/ or condoning the illegal activity these various violations and lawless acts, including the infringement activities, as stated herein.

256. Plaintiff is informed and believe, and based thereon allege, that since Defendants' , and each of them, did not prohibit its members, associates, employee's, and or agents from engaging in any form of infringement, that Defendants', including Defendants' and DOES 1-5 Search Engines, and DOES 6-20, are in effect have been carelessness, negligence, and in fact malicious, by condoning these activities of the various illegal activity these various violations and lawless acts, including the infringement activities, as stated herein,

in violation of the Lanham Acts.

257. At all times Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, have failed to exercise reasonable care and conduct following the knowledge

that these Defendants' and each of them, have violated and continued to violate the Trademark Infringement Laws, as identified and stated herein.

258. As a direct and legal result of the carelessness, negligence, and malicious acts of the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, as herein alleged, Plaintiff has lost some of the contractual relationships (authorized use) and the profits from their exclusive use of the Mark, past and future financial benefits due these contractual relations, and Plaintiff has been damaged as a direct result of such negligence, deceit, bad faith, and fiduciary duty, and thus such damages should be added to Plaintiff's general and special damages in an amount according to proof at the time of trial.

259. Plaintiff is informed and believe and thereupon allege that the financial loss would be reduced, were it not for the fact that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, would have exercised proper care, skill, and due diligence in avoiding and/or stopping the Trademark Infringement activities in this foregoing matter.

260. Plaintiff had various contractual relations (authorized users) with other multiple businesses and various parties, that exceed over many relationships, due to his various contractual dealing with Plaintiff's Mark.

261. A binding contract existed between the Plaintiff, and those various relationships in which he has conducted business.

262. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, knew or should have known of the existence of the contract relationships.

263. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, intentionally and, with malice towards Plaintiff, induced others and/or interfered with, to breach the contractual and legal obligations by their various lawless conduct(s), as stated herein between each of these parties and other contractual relations, in regards to the Mark.

264. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, was negligent by not performing their individual legal obligations and duty with the Plaintiff's various lawful obligation(s), and had a complete disregard of the legal rights of Plaintiff and of his Mark.

265. As a result of the breach, duty, and legal obligations, Plaintiff has incurred damages, which include, but are not limited to, his reputation, pecuniary loss and the loss of opportunities to make substantial profits from the various contract(s) and any future contracts, with other authorized users, most which is difficult to calculate.

266. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20, all have breached their fiduciary duty, as described herein, and by not complying to the Rules of Law, nor following Federal and State Laws, and their legal obligations, and in doing so interfered with Plaintiff's businesses relations (authorized users), reputation, transactions, opportunities, assets, and potential future clients and customers.

267. As a result of these lawless actions and/or breaches as stated herein, the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20, are also liable for punitive damages.

268. Defendants' negligence and their malicious acts are the direct and legal cause of Plaintiff's losses, including the past, present, and future.

269. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them including, DOES 1-5 Search Engines, and DOES 6-20, are therefore liable for the tort of tortuous interference with the contract and agreements, between Plaintiff and the various other business relationships, those authorized users.

270. As a direct result of Defendants' and each of them, acts and negligence, described herein, Plaintiff has suffered substantial damage, in an amount to be proven at trial or minimum of the statutory amount described herein, which is well over $ 500,000.00, Since these Defendants' and each of them, acts have caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages.

271. Plaintiff is informed and believe and thereupon allege that the Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20, and each of them, intentionally and, with malice towards Plaintiff, intentionally and in complete disregard of Plaintiff rights and relationships, violated and contributed to breach the contractual and legal obligations between Plaintiff, and potential contractual relations.

272. Plaintiff is informed and believe and thereupon allege that the Defendant(s), and each of them including DOES 1-5 Search Engines, and DOES 6-20, are negligent by not performing their legal obligations and duty with Plaintiff.

273. As a result of the violations, duty, and malicious acts mentioned herein, there were many breaches, thus causing Plaintiff to incur damages, which include, but are not limited to, pecuniary loss and the loss of opportunities to make substantial profits from the contract and those business relationships described herein.

274. Plaintiff is informed and believe and thereupon allege that the Defendant(s), and each of them including DOES 1-5 Search Engines, and DOES 6-20, are therefore liable for the tort of tortuous interference with the contract and agreements, between Plaintiff and the various relationships described herein.

275. As a direct result of Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20, negligence, deceit, and malicious acts described herein, Plaintiff has suffered substantial damage, in amount of at least $ 500,000.00, in an amount to be proven at trial or minimum of Court's statutory amount.

## THIRTEENTH CAUSE OF ACTION

**(Declaratory Relief)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

276. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous Causes of Action in this Complaint, inclusive, as though fully set forth herein.

277. Plaintiff is informed and believe and thereupon allege that the an actual controversy has arisen and now exists between Plaintiff and Defendants' and DOES 6-20, and each of them, concerning Defendants' use of the Mark and the validity of Defendants' actions with respect to the various lawless actions and infringement willful action(s) against Plaintiff's Mark.

278. Plaintiff, in contrast to Defendants' and each of them, believe that each of these Defendants' had and have no authority or right to use the Mark or any similar name, as to cause infringement of the Mark, when clearly they are not.

279. Plaintiff, in contrast to Defendants' and each of them, believe that none of the Defendants' had or have the authority to take any action with respect to use of the Mark, in order to gain profit and/or benefit of its use.

280. Plaintiff, in contrast to Defendants' and each of them, believe that none of the Defendants' had or have any right to contractually or otherwise dismiss the various Notices sent by the Plaintiff, in any way whatsoever.

281. Plaintiff desire a judicial declaration that :

(a) Defendants' have no right to use the "Mark" or any name similar the "Mark", as falsely used and/or marketed by "The Gourmet Cheese of the Month Club", the false mark.

(b) Any actions taken by Defendants' and each of them, or any of their agents or representatives, with respect to the Mark.

(c) Any actions taken by Defendants' and each of them, or any of their agents or representatives, that purport to benefit from the use and/or profits from the Mark, without any benefit by Plaintiff whatsoever.

## FOURTEENTH CAUSE OF ACTION

**(Permanent Injunction)**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

282. Plaintiff "Bhasin", re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous Causes of Action in this Complaint, inclusive, as though fully set forth herein.

283. Plaintiff contends that a likelihood of confusion exists between its' Trademark rights and Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, activities insofar as consumers are apt to assume that a product or service

offered by Defendants', and each of them, are associated with Plaintiff's due to similarities between the two Mark and/or marketing techniques.

284. Plaintiff further contends Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, action and or activities have and will continue to dilute its famous and distinctive Trademark.

285. It is undisputed that on more than on occasion, a cease and desist letters have been sent to Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, advising and or assist in advertising them of the infringement and mounting damages from said infringement. (See Exhibit "B") Plaintiff will continue to provide adequate notice to any and all parties, including DOES, once they have been discovered by way of discovery in this matter, prior to adding those DOES in this action.

286. Plaintiff is informed and believe and thereupon allege that the at this time Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, continue to engage in the aforementioned infringing activity, and/ or assist in the aforementioned infringing activity.

287. Plaintiff is informed and believe and thereupon allege that the these actions on behalf of Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, are wrongful and should be enjoined that they have caused, and continue to cause, Plaintiff great and irreparable injury, damages in amount of at least $ 500,000.00, to be proven at trial.

288. Plaintiff has no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants', and including the Merchants, DOES 1-5 Search Engines, and DOES 6-20, each of them, jointly and severally, as follows :

## ON THE FIRST AND SECOND CAUSE OF ACTION

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the Court adjudge and decree that the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, have willfully infringed on Plaintiff's exclusive rights under Trademark law and have knowingly diluted Plaintiff's famous Trademark ("Mark");
2. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them, be permanently enjoined from engaging in further acts of Infringement;
3. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;
4. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on any search engines, including that of Google and/or by Yahoo ! to Plaintiff;
5. The Defendants' disgorge all profits derived from their wrongful conduct, during the period of time as identified herein;
6. Plaintiff be granted interest at the maximum legal rate of 10%, from the date Plaintiff acquired the Mark;
7. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;

8. For punitive and or exemplary damages in amount of at least $ 500,000.00, according to proof at trial;

9. The Defendants', including DOES 1-5 Search Engines, and DOES 6-20, be required to pay Plaintiff : Such damages as Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants' as a result of Defendants' violation of 15 U.S.C. §§ 1114 and 1125. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to exceed $ 500,000.00.

10. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE THIRD AND FORTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the Court adjudge and decree that the Defendants' have willfully diluted Plaintiff's distinctive and famous Trademark;

2. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them, be permanently enjoined from engaging in further acts of dilution;

3. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the various search engines, including Google and/or Yahoo ! to Plaintiff.

4. That Plaintiff be awarded, Defendant's profits from the date of the Mark, including damages in an amount to be proven at trial, and costs of bringing this action;

5. That the court awards Treble Damages under 25 U.S.C. § 1117 et. seq.

6. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
7. That Defendants', including DOES 1-5 Search Engines, and DOES 6-20, be ordered to transfer all their Mark and web sites to the Plaintiff;
8. For exemplary or punitive damages in an amount appropriate to punish or to make an example of Defendants' according to prove at trial;
9. Interest at the maximum legal rate; and
10. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE FIFTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court issue a permanent injunction prohibiting the Defendants' , and each of them, from engaging in the unfair business practices and unfair competitive describe herein;
2. For an award of restitution in an amount according to proof;
3. For an accounting of all financial records relating to the infringing activities;
4. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the search engines, including that of Google, Yahoo ! and/or Amazon to Plaintiff;
5. Any and all reasonable attorney's fees (including paralegal) and other costs associated with and/or incurred herein;
6. For interest at the maximum legal rate; and

7. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SIXTH CAUSE OF ACTION

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the Court adjudge and decree that the Defendants', and each of them including DOES 1-5 Search Engines, and DOES 6-20 inclusively, have willfully registered, trafficked in, and used Mark which are identical with, confusingly similar to and/or dilutive of the Cheese of the Month Club Mark, with the bad faith intent to profit therefrom;
2. That the Defendants' and DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringement;
3. That the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, and those acting in concert with them, be permanently enjoined from engaging in further acts of registering, trafficking in, and/or using the Mark, which is identical with, confusingly similar to and/or dilutive of the Cheese of the Month Club Mark;
4. That the Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on Yahoo to Plaintiff;
5. The Plaintiff be awarded the monies gained by Defendants' at Plaintiff's expense through the unauthorized use of their Trademark;

6.That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damage in an amount to be proven at trial;

7. That Defendants', and each of them, including DOES 1-5 Search Engines, and DOES 6-20 inclusively, disgorge all profits derived from their wrongful conduct, from the date of the Plaintiff's Mark;

8. Interest at the maximum legal rate;

9. All reasonable costs, including secretary, paralegal, research, attorney (if apply), court costs, and any or all other fee's and cost in regards to this action incurred herein;

10. For treble damages according to proof at trial;

11. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE SEVENTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. The Plaintiff be awarded the monies gained by Defendants', and DOES 1-5 Search Engines, and DOES 6-20, at Plaintiff's expense through the unauthorized use of their Trademark;

2. That the Defendants', and including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringement;

3. That the Defendants', and including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the search engines including Google and/or Yahoo !, to Plaintiff;

4. Interest at the maximum legal rate from the date the products were offered to the public for sale and/or from the date of the Mark;
5. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
6. That Defendants', and including DOES 1-5 Search Engines, and DOES 6-20, be ordered to transfer all their Mark and web sites to the Plaintiff;
7. Interest at the maximum legal rate; and
8. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE EIGHTH CAUSE OF ACTION

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court an independent accountant to conduct an accounting of All Defendants' financial records relating to the Infringement in order to determine the sums of money owed to Plaintiff;
2. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;
3. Interest at the maximum legal rate from the date said sums were due;
4. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;;
5. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the search engines, including that of Google and/or Yahoo !, to Plaintiff.

6. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE NINTH CAUSE OF ACTION

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court impose an actual or constructive trust upon Defendants' in favor of Plaintiff with respect to all income received by their infringing activities;
2. An award of restitution in an amount greater than or equal to Defendants' unjust enrichment, the value of which is to be determined by proof at trial;
3. Interest at the maximum legal rate from the date said sums were due;
4. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
5. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the search engines, including that of Google and/or Yahoo !, to Plaintiff;
6. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE TENTH CAUSE OF ACTION

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court issue a permanent injunction enjoining Defendants' from engaging in the infringing activities described herein;
2. Interest at the maximum legal rate from the date of the filing of this claim;
3. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;

4. That the Defendants', and those acting in concert with them be ordered to pay for all of the profits that have been earned from the first date of the cease and desist notice and/or from the date of the ownership (on or about December 01, 2012) of the Plaintiff's Mark; and
5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE EVEVENTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the Court adjudge and decree that the Defendants' have willfully infringed, caused injury to Plaintiff's business reputation, and have caused intentional interference with contractual relations with businesses conducted by Plaintiff by the unauthorized use of Plaintiff's unique Trademark;
2. That the Defendants', and those acting in concert with them, be permanently enjoined from engaging in further acts of Infringement directly and or indirectly;
3. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;
4. That the Defendants', including DOES 1-5 Search Engines, and DOES 6-20, and those acting in concert with them be ordered to transfer all the Mark and their websites launched on the search engines, including that of Google and/or Yahoo !, to Plaintiff;
5. The Defendants' stated herein and including DOES 1-5 Search Engines, and DOES 6-20, disgorge all profits derived from their wrongful conduct;
6. Interest at the maximum legal rate, from the date of the filing of this claim;

7. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
8. For punitive and exemplary damages against Defendants' and including DOES 1-5 Search Engines, and DOES 6-20, in the amount at least $ 500,000.00, according to proof at trial; and
9. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE TWELFTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court issue a permanent injunction enjoining Defendants' from engaging in the infringing activities described herein;
2. Interest at the maximum legal rate from the date of the filing of this claim;
3. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
4. That the Defendants', and those acting in concert with them be ordered to pay for all of the profits that have been earned from the first date of the cease and desist notice and/or from the date of the ownership (about December 01, 2012) of the Plaintiff's Mark; and
5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE THIRTEENTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court issue a permanent injunction enjoining Defendants' from engaging in the infringing activities described herein;

2. Interest at the maximum legal rate from the date of the filing of this claim;
3. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
4. That the Defendants', and those acting in concert with them be ordered to pay for all of the profits that have been earned from the first date of the cease and desist notice and/or from the date of the ownership (about December 01, 2012) of the Plaintiff's Mark; and
5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

**ON THE FOURTEENTH CAUSE OF ACTION**

(Against All Defendants', including DOES 1-5 Search Engines, and DOES 6-20)

1. That the court issue a permanent injunction enjoining Defendants' from engaging in the infringing activities described herein;
2. Interest at the maximum legal rate from the date of the filing of this claim;
3. Any and all reasonable attorney's fees (including paralegal) and other costs incurred herein;
4. That the Defendants', and those acting in concert with them be ordered to pay for all of the profits that have been earned from the first date of the cease and desist notice and/or from the date of the ownership (about December 01, 2012) of the Plaintiff's Mark; and
5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

//

**TO ALL CAUSES OF ACTION**

**WHEREFORE**, Plaintiff pray for judgment against ALL Defendants', including DOES 1-5 Search Engines, and DOES 6-20each of them, jointly and severally, as follows :

1. That Defendants' and each of them, be held to have infringed, directly or indirectly, the federally registered Plaintiff's Mark within the meaning of 15 U.S.C. § 1114(1).
2. That Defendants' and each of them, be held to have, directly and indirectly, falsely designated the origin, affiliation, endorsement, qualities, nature or characteristics of services by using the "Mark" within the meaning of 15 U.S.C. § 1125(a), and that such actions were willful and intentional;
3. That Defendants' and each of them, be held to have engaged in trademark infringement, unfair, unlawful and deceptive trade practices within the meaning of California Business and Professions Code §§ 14245, 17200 et seq. and §17500 et. seq.;
4. That the Court grant a preliminary and permanent injunction prohibiting Defendants' and each of them, and their officers, partners, agents, subcontractors, employees, subsidiaries, successors, assigns, and related companies or entities, and all others acting in concert or participating with them or with actual notice of such order from directly or indirectly using Plaintiff's Mark or any confusingly similar designations, as a Mark, business name, domain name, email address, meta-tag or otherwise, and also prohibiting acceptance of service of process intended for the Plaintiff and to provide to the Plaintiff all documents and things that any of them have received that were intended for the Plaintiff;

5. That Defendants' and each of them, be required to destroy all advertising, marketing, or other promotional materials bearing Plaintiff's "Mark" along with the means for making the same;

6. That Defendant The Gourmet Cheese of the Month Club, immediately take steps to change its name to a name that is not confusingly similar thereto or to "Plaintiff's "Mark";

7. That Defendants' and each of them, be required to file with the Court and serve on the Plaintiffs' counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants' and each of them have complied with the injunction;

8. That the Plaintiffs have an accounting for damages and for all of Defendants' and each of them, profits from their actions complained of herein;

9. That the Court award the Plaintiff actual and trebled damages to the full extent allowed under 15 U.S.C. § 1117, in an amount to be determined at trial;

10. That the Court award the Plaintiff all actual damages suffered by the Plaintiff by reason of Defendants' and each of them conduct(s), as well as any profits of Defendants' and restitution that are attributable to various Defendants' infringing activities, unfair competition, false designation of origin, unfair business practices and false advertising not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law;

11. That the Plaintiff be awarded reasonable attorneys' fees (and/or paralegal), expenses and costs associated with this action pursuant to 15 U.S.C. § 1117;

12. Plaintiff be granted interest at the maximum legal rate of 10%, from the date Plaintiff acquired the Mark, on or about December 01, 2012;

13. That the Defendants', and those acting in concert with them be ordered to pay for all of the profits that have been earned from the first date of the cease and desist notice and/or from the date of the ownership (on or about December 01, 2012) of the Plaintiff's Mark;

14. That any instruments executed or entered into by Defendants' and each of them, or their agents or representatives, purporting to affect the rights of Plaintiff's Mark and/or serviced by Plaintiff authorized users; and

15. Such other and further relief as this Court determines to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Civil Procedure.

Date : November 20, 2016.

Respectfully Submitted,

Dr. Sunil Bhasin, M.D.

# EXHIBIT "A"

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Sep 28 03:23:09 EDT 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# Cheese of the month club

| | |
|---|---|
| **Word Mark** | **CHEESE OF THE MONTH CLUB** |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Computerized on-line retail store services in the field of monthly cheese shipments to club members.; On-line retail store services featuring monthly cheese shipments to club members. FIRST USE: 19991207. FIRST USE IN COMMERCE: 19991207 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77642499 |
| **Filing Date** | January 2, 2009 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 13, 2010 |
| **Registration Number** | 3852089 |
| **Registration Date** | September 28, 2010 |
| **Owner** | (REGISTRANT) Anshu Pathak DBA Cheese of the month club INDIVIDUAL UNITED STATES 25517 Los Cabos Drive Moreno Valley CALIFORNIA 92551<br><br>(LAST LISTED OWNER) DR. SUNIL BHASIN INDIVIDUAL UNITED STATES 2160 N. Arrowhead Ave, # 21046 San Bernardino CALIFORNIA 92405 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

# EXHIBIT "B"

Dr. Sunil Bhasin
2160 N. Arrowhead Ave., # 21046
San Bernardino, CA 92405
(909) 233-8934; Fax: None; Cell (951) 750-4784
Email: sbhasinmd@aol.com

Date: September 28, 2016

NOTICE by <u>US MAIL and Email</u>

C&H Clubs USA, Inc.
Kristen S Calef
2980 Alexander Road, Laguna Beach CA 92651

Re.: Cease and Desist Notice of the use of the Mark "Cheese of the month club".
Trademark Legal Infringement Notice
Mark : "Cheese of the Month Club" TM, Registration No.: 3852089

Dear Sir/Madam:

Let this serve as the last Notice to Cease & Desist from Trademark Infringement, of my Trademark ("Mark") – "Cheese of the month club" (a true and accurate copy from the USPTO is attached herein). I have sent past notices and to date my mark is being used on various "online" internet search engines in order to generate business for your company. As previously addressed your use of my Mark has continued to constitute continuous malicious, intentional violation, an infringement of my Mark and common law rights.

Please be advised that I am the owner of the aforementioned Trademark, Mark "Cheese of the Month Club" in connection with its intellectual property rights (including goodwill), which has been extensively used, along with other authorized contracted companies, in connection with well-known high quality cheese (domestic and international), cheese related products, and a wide variety of consumer merchandise throughout the United States of America and Canada. I have used this Trademark with other Companies who have been authorized businesses only, who pay a monthly fee. This Mark is well known to our customers and have been building goodwill and a broad customer base with consumers and customers throughout the United States and Canada. Thus the general public, have come to recognize this Mark as an established and successful business, with our products and services.

Take Notice that this Mark is under the protection of the United States Federal Trademark Registrations for the Trademark, "Mark" "Cheese of the Month Club" TM, Registration No.: 3852089.

It has recently come to my attention that you, your agent, and or company have used this Mark in relationship with online ("Internet") marketing, sales, and association with other businesses. My preliminary investigation has revealed that you, your agents, and or your company has infringed and diluted this Mark, "Cheese of the Month Club" owned by me. Recently, I have became aware of your usage of the [WWW.CHEESEMONTHCLUB.COM] and which redirect visitors to your website, in various search engines.

As I am flattered by your affection for this Mark, but while I can appreciate the appeal for its use, I also have to be diligent to ensure that this Mark are used correctly and does not cause any consumer confusion. I have an obligation in order to maintain high quality products and services in relationship with this Mark. Given the Marks', it will probably come as no surprise that we come across companies who use this mark on a regular basis. What may not be apparent, however, is that if I allow use of this Mark, this Trademark will be weakened and cause consumer confusion, which has already occurred. Thus as this is an important and legal issue, I'm sure that you, you agents, and or company do not intend or would want this to happen.

Your use of this Mark, "Cheese of the Month Club" in any fashion is a violation of the common law trademark rights, common law service mark rights, and trade name rights, and in violation of the Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description).

Take Notice that this letter constitutes a demand that you, your agents, and company to cease and desist any and all use of this trademark in any fashion in association of any online internet sales, related to url's, including possible "pay-per-click" bids, and in any of your domain names and or online stores, on all search engines. You should immediately forward this letter to your agents/ associates, owners (CEO's), associated companies, all search engines, and your attorney. If you, your agents, and or your company continue to use this Mark in any way there will be additional damages and loss due to Unfair Business Practice arising under California Business and Professions Code § 17200 et seq., a tort action with interference with Business Relations, and for injury to my business reputation.

Take notice that this unauthorized use of the aforementioned Mark has and continues to damage my business reputation and constitutes an infringement on this Mark with violations as stated herein. As you are undoubtedly aware, your online websites, url's, and other online advertisements have been using my Mark, and have caused not only dilution, but consumer confusion. To date I have had several consumers and customers who have concerns of these exact issues in regards to my Mark and your usage of this Mark. Use of the mark without my authorization and consent, directly violates my trademark rights in and to such intellectual property. You are hereby requested to perform the necessary steps to remove the infringing materials from www.cheesemonthclub.com, in order to prevent any further unlawful acts.

Accordingly, let this notice and my past certified notice serve as a continued Notice, demand that you, your agents, and company cease and desist any and all use of this trademark in any fashion. I therefore hereby demand the immediate removal of all such links from your website and written assurance that you will prevent any further infringement on my intellectual property rights. If written assurance of compliance with this demand is not received within 5 days of the date of this certified notice, I will have no other choice but to initiate legal action against you, your agents, company, search engines, and any other parties involved in these state and federal violations. All legal costs, including attorney fee's will be additional damages.

I swear, under penalty of perjury, that the information in this notification is accurate and that I am the Trademark, "Mark", owner or am authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. You are hereby requested to perform the necessary steps to remove the infringing materials from www.cheesemonthclub.com, in order to prevent any further unlawful acts.

Nothing contains herein shall constitute an admission of any kind whatsoever, nor shall it constitute a waiver of any rights or remedies at law, in equity, or otherwise, all of which are expressly reserved.

Your immediate attention into this matter is needed. If you want to compensate me for the use of my Mark for the last several years, and any other further use, I will be glad to enter an agreement. No other notices will be filed, and if action is not taken by you to cease and desist with the given time frame, I will have no other choice but to take appropriate legal civil action against you, which will be my last step to protect my intellectual property.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Dr. Bhasin
Owner of Mark, "Cheese of the Month Club" TM

CC: Legal Counsel;
Kris Calef, President and founder of The Gourmet Cheese of the Month Club
P.O. Box 1627, Lake Forest, CA 92609, 800-625-8238;
Amazon.com Legal Department, P.O. Box 81226, Seattle, WA 98108.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
Dr. Sunil Bhasin, an individual

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
C&H Clubs Inc.; The Gourmet Cheese of the Month Club; Kris Calef, as individual and president and founder of C&H Clubs Inc.; Merchant; DOES 1-5 Search Engines; and DO

(b) County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify) ____________
- [ ] 6. Multidistrict Litigation - Transfer
- [ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes [X] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [ ] **MONEY DEMANDED IN COMPLAINT:** $ ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1114 et seq.; and 15 U.S.C. 1125 et seq.; Unlawful, Unfair and Fraudulent Bus. Practices. Trademark Infringment violations.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influ-enced & Corrupt Org.
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Com-modities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV 16-09130

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| | | |
|---|---|---|
| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☐ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| | | |
|---|---|---|
| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☐ Yes ☒ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☒ Yes ☐ No

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s): ______

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s): ______

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 12/ / /2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |